W. R. REWIS, APPELLANT, v. W. C. P. WILLIAMSON, LEANNAH WILLIAMSON, HIS WIFE, AND J. W. BELL, APPELLEES.

1. The definitions of a vendor's lien contained in Johnson v McKinnon, 45 Fla. 388, 34 South. Rep. 272, and Wooten v. Bellinger, 17 Fla. 289, cited and applied in this case.

2. Where R. files a bill against W. and B. to foreclose a vendor's lien on land sold by R. to W., and it appears that W. owes R. $160.00 as a part of the purchase money, and B. purchases the land from W. knowing at the time that W. owes R. the above purchase money, and R. has a vendor's lien for the purchase money, where it does not appear that R. has waived his vendor's lien, by taking other security or otherwise, B. takes the property subject to the vendor's lien of R.

This case was decided by Division B.

Appeal from the Circuit Court for Baker County.

The facts in the case are stated in the opinion of the Court.

*L. E. Wade,* for Appellant.

*Geo. U. Walker,* for Appellees.

HOCKER, J.   On the 25th of July, 1903, W. R. Rewis filed his bill of complaint in the Circuit Court of Baker county against W. C. P. Williamson, Leannah Williamson, his wife, and J. W. Bell, in which he alleged in substance that on the 28th of March, 1898, he sold and conveyed by deed to W. C. P. Williamson for the sum of $300.00, sixty acres of land in Baker county, describing it, upon which $140.00 was paid, and that Williamson gave complainant his promissory note for $160.00, the balance of the purchase money, complainant reserving a vendor's lien upon the land for said balance; that said note was lost, and on March 19th, 1902, Williamson gave complainant another note in lieu of the lost one.   It is alleged that this note is attached to the bill as an exhibit, but we do not find it so attached in the record.   It is contained (p. 23) in the testimony, and is as follows:
"$160.00.                   Baxter, Fla. March 19th, 1902.

One day after date I promise to pay to the order of W. R. Rewis the sum of one hundred and sixty dollars, for value received, at eight per cent. per annum until paid in full.   This note is given as part of the purchase money yet due to said W. R. Rewis on Lot two (2) section thirty-three (33), township one (1)   North of range twenty-one (21) East.   Witness my hand and seal, this day and year above written.   This note given to re-establish a certain note given four years ago which has been lost by the part W. R. Rewis.
Witness by us.

                    (Signed) W. C. P. WILLIAMSON, (Seal).
W. H. ALTMAN,
BERRY RAULERSON."

The bill alleges that on the 7th of May, 1901, Williamson and his wife mortgaged the land to the appellee J. W.

Bell to secure the payment of moneys due for supplies furnished and to be furnished for the year 1901, fully making known to Bell at the time, the nature of complainant's claim on said land, and that there was due complainant a balance of $160.00 for purchase money, and that complainant had a vendor's lien therefor, and that Bell accepted the mortgage subject thereto; that on the 25th of February, 1902, Bell surrendered his note and mortgage to Williamson, and that Williamson and wife made a deed to Bell to said lands for an apparent consideration of $306.20, being in part the money secured by the mortgage. The mortgage and deed are made exhibits to the bill. The bill alleges that at the time of the delivery of the deed by Williamson and wife Bell was informed that the $160.00 balance of purchase money was due complainant, and that the deed was made subject thereto; that on the same day that the deed was executed Bell executed to Williamson a paper showing that the said deed was a mortgage to secure the payment of money, on the 3rd of January, 1903, and upon payment thereof or a greater part thereof, he would reconvey the land to Williamson; that before and at the time said deed was executed and delivered to Bell he was informed in the presence of witnesses of the said lien of complainant, and that Bell accepted the deed subject theerto. The bill alleges that complainants vendor's lien is superior to that of Bell, and prays, among other things, that the land be subjected to the payment of the sum of $160.00 and interest, for an accounting, for process, for general relief, &c. A decree pro confesso was entered against Williamson and wife, and the appellee J. W. Bell answered the bill. In the answer Bell denies all the allegations of the bill, "save and except as the same, if any, are admitted" by it, "that he knows no more about the

transaction between complainant and said Williamson, at the time it occurred, and from then to the time he purchased the land from the latter, than what the records in the office of the Circuit Clerk of said county showed;" that he was never told of the lien of Bell by any one, that "aside from knowing that Williamson owed a balance of about $160.00 on account of the sale of said land, said Bell says he knows nothinig except what the law charged him with knowing by the public records of said county at any time prior to his dealings with said Williamson; said Bell further says that from his knowledge of how matters in regard to said land stood between complainant and said Williamson before and up to the time he dealt with the latter, about said land, he believed that Williamson owed complainant about $160.00, and that the latter held Williamson's ordinary note for the same, without any reference to any lien of any kind on said land." The answer denies that the deed of the land he took from Williamson was in effect a mortgage, and contains some other matters in regard to the possession of the land, which we think it unnecessary to mention, as not bearing upon the real issue in controversy. Replication was filed to this answer and testimony taken. Upon final hearing a decree was entered dismissing the bill as to J. W. Bell. Afterwards a rehearing was denied, and again on a further hearing a decree was entered dismissing the bill at the cost of complainant Rewis, from each which decrees Rewis entered an appeal to this court, and assigns error upon each of them.

We do not think it necessary to indulge in an extended discussion of the evidence, because upon what we regard as the material points in this case there is no conflict between the parties, *viz*: that Williamson owes Rewis a balance of $160.00 for the purchase of the land

in controversy, with interest, and that Bell knew of this indebtedness when he took the mortgage and deed of the land. The answer of Bell admits this, but undertakes to defend his title against Rewis on the ground that he did not know that Rewis had a vendor's lien on the land or claimed one, and that there was nothing of record which advised him of such a lien. The answer, therefore, admits every fact essential in equity to constitute a vendor's lien, and the defense is rested on the absence from the record of the evidence of a lien.

This court, in Johnson v. McKinnon, 45 Fla. 388, 31 South. Rep. 272, has thus defined a vendor's lien: "A vendor's lien is that lien which in equity is implied to belong to a vendor for the unpaid purchase price of land sold by him, where he has not taken any other lien or security for the same, beyond the personal obligation of the purchaser. Such lien is not the result of any agreement between vendor and vendee, but is simply an equity raised by the courts for the benefit of the former, by whom it will be enforced or denied between parties, as the exigencies of each particular case may seem to require." See the authorities cited in the opinion.

As to the agreement between Rewis and Williamson, it does not appear here that it was ever put into the form of a written security or lien as was the case in McKeown v. Collins, 38 Fla. 276, 21 South. Rep. 103. The note given by Williamson at the time, according to the answer, was nothing more than an ordinary promissory note, and there is nothing in the record to show the contrary. The original note was lost, and the one dated March 19th, 1902, was given to re-establish the lost note and certainly does not tend to create in and of itself a statutory or equitable lien on the land. The agreement between Rewis and Williamson seems to have been verbal

and was a mere recognition of the existence of the lien which equity creates, under the circumstances, in favor of the vendor. The note does not even do this. It simply states that it was given for purchase money. We can find nothing from the record showing that this note was intended to create a statutory lien, or that Rewis by any act, deed or word ever waived his vendor's lien.

The only other question to be considered is, did Bell have such notice of the lien of Rewis for the balance of the purchase money of the land, when he (Bell) took the mortgage and deed from Williamson as will be binding upon him in equity. The contention of Bell seems to be that because there was nothing on the record to show such a lien, therefore he was not affected by it, although he admits in the answer that he was informed there was then a balance of about $160.00 due Rewis. We also think the evidence shows he had this information.

In the case of Wooten v. Bellinger, 17 Fla. 289, text 301, this court, after showing the rule to be different in some other courts, held that "the rule in this State, however, has been announced to the effect that a vendor has a lien for unpaid purchase money of real estate (somewhat like unto that of an unrecorded mortgage) subject to be defeated by the intervention of creditors or purchasers without notice, or is waived by taking other security" (citing 2 Fla. 473; 3 Fla. 41). In discussing what constitutes notice to a purchaser in such a case, the Supreme Court of Vermont in the case of Manly v. Slason, 21 Vt. 271, and on page 278 of the opinion rendered by REDFIELD, J., says: "Indeed, Ormsbee admits in his answer, that he expected some portion of the purchase money remained unpaid, but how much, and how it was secured he did not know. This is just that kind

of notice, which should have put him upon inquiry." The headnote of the case states the doctrine of vendor's lien in these words:    'The vendor of real estate has a lien upon the estate for the payment of the purchase money, as against all persons except *bona fide* purchasers, without notice of its non-payment." The discussion of the doctrine of vendor's lien by Judge REDFIELD is instructive, and is in line with that of our court. Story's Eq. Jur. (11th ed.) Secs. 1225-1228; Moore v. Worthy, 56 Ala. 163, text 164; 29 Am. & Eng. Ency. Law (2nd ed.) pp. 753, 754, 755, and notes. We are of the opinion, guided by these authorities, that Bell took the deed and mortgage of the real estate in controversy, with notice of Rewis' vendor's lien, and that he cannot be regarded as an innocent or bona fide purchaser without notice. We are of opinion that decrees appealed from are erroneous, and they are, therefore, reversed at the cost of appellee and the cause is remanded with directions for such further proceedings as may be in accordance with law.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.