LINCOLN COUNTY *v.* CITY OF BROOKHAVEN.

[41 South., 449.]

MUNICIPALITIES. *Code* 1892, § 2939. *Ib.*, § 3931. *Laws* 1897, *ch.* 16, *p.* 17, *sec.* 16. *Road taxes. County road fund. Rights of city.*

A municipality governed by the Code chapter entitled "Municipalities," being a separate road district, Code 1892, § 2939, is entitled to one-half of a road tax levied, under Code 1892, § 3931, laws 1897, ch. 16, p. 17, sec. 16, by the county and collected on property within its corporate limits.

FROM the chancery court of Lincoln county.

HON. ROBERT B. MAYES, Chancellor.

The City of Brookhaven, the appellee, was the complainant in the court below; Lincoln county, the appellant, was defendant there. The court below entertained jurisdiction by con-

sent of the parties and rendered a final decree in complainant's favor from which the defendant appealed to the supreme court.

Constitution 1890, § 147, providing that a judgment or decree of a circuit or chancery court rendered in a civil cause should not be reversed because of any error or mistake as to whether the cause in which it was rendered was of equity or common law jurisdiction, precluded enquiry on that subject in the supreme court.

Lincoln county began to work its public roads by contract in 1897, under laws 1897, ch. 16, p. 17, having adopted the statute as provided in its 15th section, by ordinance of the board of supervisors. The county levied and collected a one mill tax on all the taxable property in the county for the purpose of working its public roads.

The City of Brookhaven, a municipal corporation of said county, governed by the Code chapter entitled "Municipalities," had jurisdiction and control of its streets and worked them, but did not levy a special municipal tax for the purpose; it met the expenses of working its streets with a commutation tax and moneys coming into its treasury from several other sources.

The county contended that since no special tax was levied by the municipality for street purposes, the city was not entitled to one-half of the tax collected by the county for road purposes on property within the city.

*Brennan & Hannah,* for appellants.

The statute construed in the case of *McComb City* v. *Pike County,* 86 Miss., 647, s.c., 38 So. Rep., 721, is identical with sec. 3931 of the Annotated Code except the surplusage of the words "or worked by municipal authority" after the words "are worked at the expense of the municipal treasury." Our view is that the words "or worked by municipal authority" is explanatory of the words "worked at the expense of the municipal treasury" and that the decision above cited settles this question,

and every point therein. While it is true that the city of Brookhaven constituted a separate road district and that the board of supervisors exercised no control over the working of its streets, yet on the other hand the City of Brookhaven provided no means with which to work its streets and consequently was without power to exercise any control over them, other than uncommuted labor and the money collected from the commutation tax of its citizens. The board of supervisors of any county in Mississippi does not exercise control of the working of the public streets of the several municipalities therein situate, and certainly we think that the view advanced by this court, in the case of *McComb City* v. *Pike County,* above cited, that the ad valorem tax was only to be divided with municipalities which worked its streets with money collected by taxation and no other class is decisive. This court held that commutation. money is in no proper sense a tax at all, but is as its name implies, merely the commuted labor of the citizen. And as stated above it is not shown anywhere that the City of Brookhaven ever levied a tax for the purpose of working its streets, and we most respectfully submit that the court below erred in rendering the decree above referred to and that the same should be reversed.

*A. C. & J. W. McNair,* on same side.

The vital charges of the bill of complaint for the appellee's recovery are, that during the fiscal years 1903, 1904, 1905, the municipality of Brookhaven worked its streets "at the expense of the municipal treasury, or that the streets were worked by the municipal authority." Each of these charges of the bill are denied by the answer, and the burden of proof is on the appellee to show by the testimony the truth of one or both of the charges. We submit that there is a complete failure to sustain the allegations. You will search the record in vain for testimony to show that the streets were worked at all during the years mentioned. The mayor testifies in a general vague

way about the procedure and manipulation of funds and the borrowing of funds, etc., but he nowhere states that the streets were worked during these years, as required by sec. 3931 of the Code of 1892 so as to entitle the appellee to recover.

*Thomas Brady, Jr.,* on same side.

The appellee contends that its streets were and are "worked at the expense of the municipal treasury or worked by municipal authority," and therefore it is entitled to one-half the taxes collected on property within its corporate limits under the one mill levy made by appellant to secure a road bed for the years 1903, 1904 and 1905. Appellant contends that appellee is not entitled to one-half the taxes collected on property within its corporate limits under the one mill levy which it made for the years 1903, 1904 and 1905 because appellee's streets were and "are not worked at the expense of the municipal treasury or worked by municipal authority."

A street tax must be levied and collected and paid into the municipal treasury to be applied to the working of its streets before it can be said that the streets of a municipality are worked at the expense of its public treasury or under its authority. See *McComb City* v. *Pike County,* 86 Miss., 647, s.c., 38 So. Rep., 721.

The appellee has never levied a street tax, has never collected a street tax, does not work its streets at the expense of the municipal treasury, and therefore does not work them by municipal authority and hence cannot recover in this case.

*Green & Green,* for appellee.

1. The finding of fact by the chancellor is right. It will not be disturbed unless clearly wrong.

2. Up to the years 1903–4, the county of Lincoln recognized the right of Brookhaven to have one-half of this ad valorem tax, thus, by the acts of the parties for ten years, there was a

practical interpretation of the statutes involved, which is not now for the first time to be rejected.

Where a statute has received a practical construction for a long time it will not be overturned except for the most cogent reasons.    26 Am. & Eng. Ency. L. (2d ed.), 633.

3. It would seem that the opinion of Special Judge Cox, in *McComb City* v. *Pike County,* 86 Miss., 647, s.c., 38 So. Rep., 721, interpreting ch. 119, Laws of 1900, led to the discovery that this settled rule of construction acted on by the parties for years could be overturned.

If *McComb* v. *Pike County, supra,* was sound, it could have no application here, for to make ch. 119, Laws of 1900, apply, it is expressly enacted by sec. 11, that it must be adopted by the county.    Lincoln county did not adopt ch. 119, Laws of 1900, and, hence, there is not drawn in question the difficulties of that act which troubled the court.

The statutes applicable to Lincoln county are Code of 1892, § 3931 and ch. 16, Laws of 1897, secs. 1, 12 and 14, and as to Brookhaven the municipal chapter, Code 1892, § 2939.

With all respect the difficulties Judge Cox saw in ch. 119 in *McComb City* v. *Pike County,* are not real.    Section 6 of that act provided that there should be eight days' special work done on the public roads under the contractor, but that this work might be commuted by the payment of $3, special commutation tax for road purposes, and that this commutation tax shall be expended in the district, or incorporated village, town or city from which it was collected; that the tax collected from the residents of municipalities should be paid over to the proper authorities to be expended by the municipality for road purposes. Thus the roads, country and town of the entire county are subjected to this service, or in lieu commutation can be paid.

*P. Z. Jones,* on same side.

In arriving at a proper conclusion in this cause it is necessary to ascertain the meaning of the phrase "or worked by

municipal authority" found in sec. 3931 of the Code of 1892. The City of Brookhaven is operating under the provisions of the Code, ch. 93, on the subject of "Municipalities" and for the years 1903, 1904 and 1905 the street fund consisted alone of money paid into the treasury by persons subject to street duty in lieu of labor on the streets and fines imposed on delinquent street hands.    But when this fund was exhausted warrants were issued on the general revenue fund of the city to make up any deficit that might exist.    No tax was levied by the city on the property within its corporate limits for the purpose of working the streets.    The position of the appellee is that even though it should be held that the streets were not worked at the expense of the municipal treasury, that it is still entitled to one-half of the tax levied by the county because of the fact that the streets of the city were worked by "municipal authority."    When the code was adopted in 1892, there had been no adjudication by this court on the question of whether the jurisdiction of counties was concurrent with that of the municipalities over the highways within the limits of the municipalities or whether the jurisdiction of the municipalities over the highways within their limits was exclusive. The authorities were divided, the courts of some jurisdictions holding that the counties had concurrent jurisdiction with the municipalities over the highways within municipal limits, others holding that the jurisdiction of the municipalities was exclusive.    The legislature being aware no doubt of this uncertainty as to the question above mentioned and having in mind the fact that in some instances the county authorities might continue to exercise control and authority over the streets and highways within the corporate limits of said villages and towns thought that it would be right and proper in such case that the county should not be called upon to divide its road taxes with this class of municipalities.    That is to say, that class of municipalities which permitted the counties to work, and keep up the streets and highways within their limits.    There would

certainly be no justice or equity in compelling any county to divide its road fund with a municipality which required the county to keep up its streets. When the county keeps up the streets of a town, the county ought to be allowed to retain the necessary funds for this purpose. That this uncertainty with reference to the jurisdiction of counties and municipalities existed at the time of the adoption of the law in question is emphasized by the fact that afterwards, in the year 1895, a case came to this court, where a county road overseer was indicted for failing to work that portion of a public highway within the limits of a certain town. *Blocker* v. *State,* 72 Miss., 720. Whitfield, Justice, speaking for the court in an·elaborate and well-considered opinion in which many au-.thorities are reviewed and ·discussed, held that the jurisdiction of the municipality ·over its highways was absolute ·and exclusive. The indictment was quashed and the appellant discharged. See along this same line Elliott on Roads and Streets (2d ed.), secs. 415, 416, 417 and 4531 Dillon on Mun. Corp. (4th ed.), secs. 676, 679, 762.

In view of the foregoing authorities and the state of the law at the time of the adoption of the section of the law in question we are forced to the opinion that the legislature meant something by the use of the words "or worked by municipal authority" found in the statute under review. It is a well-settled rule of construction that each and every part of .a statute shall be construed so as to give force and effect to the entire statute. A construction which would eliminate any part of a statute is not favored. If it is susceptible of two constructions one of which would abrogate a part of the statute and the other give effect to all of it, the latter construction is to be adopted. The construction contended for by the appellant would eliminate the phrase in question.

Argued orally by *Marcellus Green,* for appellee.

Calhoon, J., delivered the opinion of the court.

The case of *McComb City* v. *Pike County,* 86 Miss., 647, 38

South. 721,* has no relevancy to this. This court, on the record before it in this proceeding, is under no necessity, as it was in that case, to interpret the obscure meaning of secs. 6, 7, ch. 119, pp. 154, 155, Laws 1900. That statute is not concerned with the present litigation, because sec. 11 (page 156) of it provides that it is not in force until adopted by the board of supervisors of the county desiring it, and this has not been done in Lincoln county. The statutes controlling in this record are Code 1892, §§ 2939, 3931, Laws 1897, ch. 16, p. 17, secs. 1–12, 14. Under Code 1892, § 2939, Brookhaven is a "separate road district." Section 3931, Code, has this clause:— "The taxes so collected on property within a municipality, the streets of which are worked at the expense of the municipal treasury or worked by municipal authority, shall be equally divided between the county road fund and the municipal street fund." It is perfectly manifest here that the streets of Brookhaven were worked by, and exclusively by, the municipal authority, and it was therefore entitled to the division of the funds it asks.

*Affirmed.*

* Since overruled. *McComb City & Pike Company*, 45 South 871.