ALEXANDER D. MCKINNON, *Appellant*, v. SETH JOHNSON, AS ADMINISTRATOR OF THE ESTATE OF P. P. JOHNSON, DECEASED, *Appellee.*

1. A grantor's lien is a right which the law by implication accords to the grantor of land, who has conveyed the title and reserved no lien and has taken no security for the purchase money other than the personal obligation of the grantee, to subject the land in equity to the payment of the purchase money, when the rights of others are not injured and the circumstances and relations of the parties, with reference to the land conveyed, make it equitable to do so. The conveyance of the legal title to the vendee is essential to the existence of the grantor's lien.

2. The equitable lien for the purchase money which the law implies in the absence of an express lien or other remedy is for

the benefit of the grantor of land, and it may be waived. Such waiver may be expressly made, or it may be inferred from facts and circumstances. Any conduct on the part of the grantor tending to show that he does not rely solely upon the legal implication in his favor may operate as a waiver of the grantor's lien.

3. Where a valid contract has been made for the sale of real estate and the vendee has taken possession of the land under the contract, the vendor, until actual conveyance of the title, is in equity regarded as the holder of the legal title as security for the purchase price which the vendee may pay, and require a conveyance of the legal title as agreed. If the purchase price is not paid equity may upon proper allegations and proofs decree a compliance with the contract or make such decree as the facts of the case may warrant.

4. Where a vendor is unable to make a good title as agreed he cannot in general compel the vendee to observe the agreement.

5. It is incumbent upon the complainant to clearly and distinctly allege every fact necessary to entitle him to the relief sought; and every pleading is to be construed most strongly against the pleader.

6. A bill of complaint which alleges a contract for the sale of land, the possession of the land by the vendee and afterwards by the vendee's administrator, the failure to pay the purchase price, the neglect of the land and the failure to pay taxes thereon, and the depreciation of the property because of its neglect, is not sufficient to sustain a decree for the balance due on the purchase price in the absence of some elements of equity especially where there is no allegation of a tender of a good title.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon,* for appellant;

*Benj. S. Liddon,* for appellee.

WHITFIELD, J.—The original proceedings in this cause begun in 1896, were reviewed here in Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272, where a statement of the case as originally made w'il he found. This court, reversed the decree appealed from because the bill of complaint was found to be insufficient to sustain a decree giving a vendor's lien, and the cause was remanded. The original bill of complaint was amended and a demurrer thereto for want of equity was overruled. After this the complainant dismissed the bill as to all the defendants except the administrator  Further proceedings were had and the amended bill of complainant was dismissed on final hearing. An appeal was taken by the complainant who assigns as error the decree dismissing the bill. Cross errors are also assigned by the appellee as administrator.

The amended bill of complaint alleges in brief that on February 27th, 1893, Alexander D. McKinnon, the complainant, and P. P. Johnson agreed in writing that $2,000.00 A. D. McKinnon would convey to P. P. Johnson certain described lands in Jackson county, Florida; that $400.00 was paid, $1,000.00 was to be paid in horses in October or November, 1893, and $600.00 was to be paid January 1, 1894; that the vendor delivered possession of the land subject to certain rights of ingress and egress as to a portion of the tillable land not later than December 1, 1893; that P. P. Johnson arranged with Mack Speights, one of the tenants to take full charge of the place for Johnson; that complainant has had nothing to do with the place since December, 1893; that complainant is credibly informed and believes that said

Mack Speights remained in charge of the place until Seth Johnson took charge as administrator of said P. P. Johnson in the early part of 1894; that before the deferred payments became due P. P. Johnson died in Alabama; that Seth Johnson duly qualified as his administrator, and by virtue of an order made by the county judge of Washington county, Florida, was as said administrator placed in possession and control of all the land in the state of Florida belonging to P. P. Johnson's estate, including the lands here involved; that defendants, except Caroline A. Johnson are all of the heirs of P. P. Johnson; that Seth Johnson promised to carry out the contract made by P. P. Johnson, but has wholly failed to do so although complainant has offered to perform his part and has tendered a warranty deed to the land to the heirs of P. P. Johnson; that after Seth Johnson took possession of the land he failed to take care of the plantation, and permitted the fences and improvements to run down and become comparatively worthless, failed to pay taxes on same which complainant paid; that the property is depreciating and being wasted and other property of the estate is being neglected so complainant will be without remedy if property of the estate is not preserved. Other allegations are made in this amended bill as to proceedings under the original bill of complaint in this cause. The prayer of the amended bill is that complainant have and recover from Seth Johnson as administrator the balance due upon said agreement, with interest and all taxes paid on the land; that sales made under the former decree in the cause be confirmed; that a petition for restitution in the proceedings on the original bill be considered and dismissed and enjoined; that the administrator be removed and enjoined from interfering with the estate; that some suitable person be appointed to take charge of, redeem and preserve the

estate; that execution issue against the estate generally and for general relief.

A grantor's lien is a right which the law by implication accords to the grantor of land, who has conveyed the title and reserved no lien and has taken no security for the purchase money other than the personal obligation of the grantee, to subject the land in equity to the payment of the purchase money, when the rights of others are not injured and the circumstances and relations of the parties, with reference to the land conveyed, makes it equitable to do so. The conveyance of the legal title to the vendee is essential to the existence of the grantor's or vendor's lien. 29 Am. & Eng. Enc. Law (2nd ed.) 733.

The equitable lien which the law implies in the absence of an express lien or other remedy is for the benefit of the grantor of land, and it may be waived. Such waiver may be expressly made, or it may be inferred from facts and circumstances. Any conduct on the part of the grantor tending to show that he does not rely solely upon the legal implication in his favor may operate as a waiver of the grantor's lien. See 3 Pomeroy's Eq. Jur. (3rd ed.) §1249 et seq. and authorities cited.

Where a valid contract has been made for the sale of real estate and the vendee has taken possession of the land under the contract, the vendor, until actual conveyance of the title, is in equity regarded as the holder of the legal title as security for the purchase price which the vendee may pay, and require a conveyance of the legal title as agreed. If the purchase price is not paid equity may upon proper allegations and proofs decree a compliance with the contract or make such decree as the facts of the case may warrant. See 3 Pom-

eroy's Eq. Jur. (3rd ed.) §1260 *et seq.* and authorities cited; 2 Tiffany on Real Property, §566.

Where a vendor is unable to make a good title as agreed he cannot in general compel the vendee to observe the agreement. 6 Pomeroy's Eq. Jur. §808 *et seq.;* 4 Pomeroy's Eq. Jur. §1407.

It is incumbent upon the complainant to clearly and distinctly allege every fact necessary to entitle him to the relief sought; and every pleading is to be construed most strongly against the pleader. Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272.

The bill of complaint having been dismissed as to all the other defendants, the administrator is the only party defendant, and there is no allegation of a tender to him of a deed of conveyance; nor is there an allegation that the deed alleged to have been tendered to the heirs of P. P. Johnson would convey title; *non constat* the complainant had no title to be conveyed to the administrator or to the heirs of P. P. Johnson. The vague allegations as to possession of the land by the administrator did not relieve the complainant from sufficiently alleging an offer of a deed that would convey a good title to the land. As it appears that title to the land had not passed from the vendor to the vendee the allegations of the bill considered in their most favorable aspect do not make such a showing as would warrant a decree as for a vendor's lien and there is no prayer to decree a lien. There should be no decree for specific performance or for any balance that may be due to the complainant under the contract in the absence of a tender of a good title or of some other equity to support such a decree. The allegations are not sufficient to subject in equity property of P. P. Johnson's estate to complainant's claim.

If the other prayers have any basis in the bill of

complaint they are but incident to the main relief prayed and fail if that relief is not proper. Even if the bill of complaint was good on demurrer, after it was overruled the complainant dismissed the bill as to the heirs to whom a tender of a deed of conveyance was alleged, and the proofs do not show that complainants had a title to convey.

The decree is affirmed.

All concur, except SHACKLEFORD, C. J., providentially absent.