S. T. SHAYLOR, AS EXECUTOR *et al.*, *Appellants*, v. J. L. CLOUD, *Appellee*.

1. A vendor's lien upon land conveyed by him does not result from agreement, but it is a right given by implication of law and enforceable in equity where the vendor is entitled to it.

2. Where land is conveyed and a note is taken for the purchase price without any collateral security or contract mortgage upon the property to secure the payment of the purchase price, the law by implication gives to the vendors a right in the nature of a lien upon the property for the purchase price, which right, if not waived or abandoned, may be enforced in equity at any time before the remedy by action on the note is barred by the statute of limitations.

3. A vendor's lien is a right created by law as an incident to the debt, and ceases to be available in equity when the debt is not enforceable at law.

4. Where in a suit to enforce a vendor's implied lien it clearly appears by the specific allegations of the bill of complaint admitted by the demurrer, that the remedy for recovery of the debt for the purchase price of land conveyed, is barred by the statute of limitations, the vendor's implied lien will not be enforced; and in the absence of other equities to sustain the bill of complaint, it is subject to appropriate demurrer.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*T. B. Ellis, Jr.,* and *Geo. U. Walker & Son,* for Appellants;

*F. Y. Smith,* for Appellee.

WHITFIELD, C. J.—It appears that in March, 1903, John N. D. Cloud conveyed certain land to J. L. Cloud, the consideration being $1,100.00, for which a note was given by J. L. Cloud to John N. D. Cloud, payable January 1st, 1905. John N. D. Cloud died in 1904. By will he bequeathed the land and the note to his mother, Nancy J. Cloud, who being a resident of Georgia and non com-

pos mentis, B. F. Langford was there appointed guardian of her person and property. S. T. Shaylor qualified in August, 1904, as executor of the will of John N. D. Cloud. The note for the purchase price not having been paid this suit was instituted March 23, 1911, by S. T. Shaylor as Executor, Nancy J. Cloud by her next friend and B. F. Langford as her guardian against J. L. Cloud to enforce a vendor's implied lien upon the land for the unpaid purchase price of it, represented by the note given by the vendee to the vendor at the time of the conveyance.

A demurrer to the bill of complaint upon the specific grounds of laches, and that the note was barred by the statute of limitations, and, the vendor's lien being merely an incident to the debt is also barred, was sustained with leave to amend, and the complainants appealed from such order, which is assigned and argued as error.

By Section 1725 of the General Statutes, Section 1294, Revised Statutes, an action upon any contract, obligation or liability founded upon an instrument of writing not under seal must be commenced within five years. This suit is to enforce a vendor's lien upon land that is raised only by implication of law, and the suit was not commenced within five years from the date of the conveyance of the land or from the date of the maturity of the note not under seal given for the purchase price.

A vendor's lien upon land conveyed by him does not result from agreement, but it is a right given by implication of law and enforceable in equity while the vendor is entitled to it. See Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272; McKinnon v. Johnson, 54 Fla. 538, 45 South. Rep. 451.

Where land is conveyed and a note is taken for the purchase price without any collateral security or contract mortgage upon the property to secure the payment of

the purchase price, the law by implication gives to the
vendors a right in the nature of a lien upon the property
for the purchase price, which right, if not waived or
abandoned, may be enforced in equity at any time be-
fore the remedy by action on the note is barred by the
statute of limitations. But where the remedy by action
at law on the note is barred by the statute of limitations,
the vendor's lien given by implication of law will not
be enforced in equity. The lien is a right created by law
as an incident to the debt, and ceases to be available in
equity when the debt is not enforceable at law. A vendor
can ordinarily have no greater right by implication of
law than he has by contract when the implied right is
an incident to the contract right. In this case no col-
lateral security or mortgage was taken, and the note
given for the purchase price was not renewed or put in
judgment so as to continue the right to recover the debt.

Where in a suit to enforce a vendor's implied lien it
clearly appears by the specific allegations of the bill of
complaint admitted by the demurrer, that the remedy
for recovery of the debt for the purchase price of land
conveyed is barred by the statute of limitations, the ven-
dor's implied lien will not be enforced; and in the ab-
sence of other equities to sustain the bill of complaint, it
is subject to appropriate demurrer. See 2 Jones on
Liens (2nd ed.), Sec. 1099; 2 Warvelle on Vendors, Sec.
709; 29 Am. & Eng. Ency. Law (2nd ed.) 759; Trotter
v. Erwin, 27 Miss. 772; Stephens v. Shannon, 43 Ark. 464;
Borst v. Corey, 15 N. Y. 505; Howard v. Windom, 86
Tex. 560, 26 S. W. Rep. 483.

A contrary rule in Maryland seems to be based on
analogy to the English statute of limitations as to the
right of entry. See Baltimore & O. R. R. Co. v. Tremble,
51 Md. 99. The Alabama cases and possibly others do

not accord with the decided weight of authority.   In Browne v. Browne, 17 Fla. 607, 35 Am. Rep. 96, and Jordan v. Sayre, 24 Fla. 1, 3 South. Rep. 329, the lien was created by a mortgage under seal, and the court held that there being in the mortgage an express promise to pay the debt, the statute of limitations respecting instruments under seal is applicable where the contract mortgage is being foreclosed, even though the note evidencing the debt is barred by the five years' statute of limitation.

The order is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.