JOHN BOWEN AND THE FIRST NATIONAL BANK OF GRACEVILLE, *Appellants,* v. J. D. GRACE, *Appellee.*

1. A vendor's lien is a right which the law by implication accords to the grantor of land, who has conveyed the title and reversed no express lien and has taken no security for the purchase money other than the personal obligation of the grantee, to subject the land in equity to the payment of the purchase money, when the rights of others are not injured and the circumstances and relations of the parties, with reference to the land conveyed, make it equitable to do so. The conveyance of the legal title to the vendee is essential to the existence of th grantor's lien.

2. The equitable lien for the purchase money which the law implies in the absence of an express lien or other remedy is for the benefit of the grantor of land, and it may be waived. Such waiver may be expressly made, or it may be inferred froms facts and circumstances. Any conduct on the part of

Bowen *et al.* v. Grace—Opinion of Court.

the grantor tending to show that he does not rely solely upon the legal implication in his favor may operate as a waiver of the grantor's lien.

3. A subsequent purchaser with notice of a vendor's implied lien, or of facts that in law create such a lien, takes the land subject to the prior equity of the original vendor.

4. Where the sufficiency of the allegations of the bill of complaint are not duly tested, all reasonable intendments will, after final decree, be indulged in support of the pleading.

5. The waiver of a vendor's lien is defensive matter, and the burden of proving it rests on the defendant, unless it otherwise appears.

6. The mere fact that a vendor knew the purchaser borrowed money to make a part payment for the property and gave a mortgage on the property to secure the loan, does not operate to destroy or waive the vendor's lien, where no act or conduct of the vendor causes a waiver of his implied lien.

Appealed from the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*W. O. Butler* and *Fred T. Myers,* for Appellants;

*H. L. Grace,* for Appellee.

WHITFIELD, C. J.—The bill of complaint alleges that on October 4, 1907, J. D. Grace conveyed certain land to John Bowen who paid $1000.00 thereon and gave his note to the vendor for $100.00, the balance of the purchase price; that the vendor received no manner of security for the balance of the punrchase price; that the note for

$100.00, the balance of the purchase price, is long past due and has not been paid; that the balance of the purchase price has not been paid; that the vendor's lien has not been transferred; that on October 8, 1908, the First National Bank of Graceville bought the land from Bowen, but said bank "had actual notice of the vendor's lien for said balance of the purchase price of said land, as the Cashier of said First National Bank of Graceville suggested to the said J. D. Grace the taking the promissory note from the said John Bowen for the said $100.00 balance of the purchase price, and that said sale of the said land by the said John Bowen to the said First National Bank of Graceville was for the purpose of defrauding the said complainant J. D. Grace, from the said vendor's lien." The prayer is that a vendor's lien be decreed and enforced to the entent of the note as given. A decree *pro confesso* was rendered and testimony taken. The complainant J. D. Grace testified that the note was given at the transfer for the balance of the purchase price; that he had not transferred the note; that the Cashier of the First National Bank of Graceville was present at the trade; that the said Bank or some of its officers at the time took a mortgage on the land and furnished the $1000.00 to John Bowen, and that he has since learned that the Bank has taken a deed to the land; that the Cashier of the Bank knew he had the note when the Bank accepted the mortgage from Bowen; that the note is the only security received for the balance of the purchase money. The court granted the relief prayed, and the defendants appealed.

A grantor's lien is a right which the law by implication accords to the grantor of land, who has conveyed the title and reserved no lien and has taken no security for the purchase money other than the personal obligation

of the grantee, to subject the land in equity to the payment of the purchase money, when the rights of others are not injured and the circumstances and relations of the parties, with reference to the land conveyed, make it equitable to do so. The conveyance of the legal title to the vendee is essential to the existence of the grantor's lien.

The equitable lien for the purchase money which the law implies in the absence of an express lien or other remedy is for the benefit of the grantor of land, and it may be waived. Such waiver may be expressly made, or it may be inferred from facts and circumstances. Any conduct on the part of the grantor tending to show that he does not rely solely upon the legal implication in his favor may operate as a waiver of the grantor's lien. McKinnon v. Johnson, 54 Fla. 538, 45 South. Rep. 451; S. C. 45 Fla. 388.

A subsequent purchaser with notice of a vendor's implied lien, or of facts that in law create such a lien, takes the land subject to the prior equity of the original vendor. See Rewis v. Williamson, 51 Fla. 529, 41 South. Rep. 449; 2 Warvell on Vendors (2nd. ed.) Sec. 680.

As the sufficiency of the allegations of the bill of complaint were not duly tested, all reasonable intendments will, after final decree, be indulged in support of the pleading. N. A. Ac. I. Co. v. Moreland, 60 Fla. 153, 53 So. 635; G. F. & A. Ry. v. Andrews, 61 Fla. 246, 54 So. 461.

The waiver of a vendor's lien is defensive matter, and the burden of proving it rests on the defendant, unless it otherwise appears. Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 231.

The evidence in this case does not show a waiver of the vendor's lien; but it does show knowledge by the Cashier

of the Bank of such facts as in law raise the lien in favor of the vendor. The fact that at the time of the transfer of the title from Grace to Bowen, the former knew that the Bank furnished the $1,000.00 that was paid on the purchase and took a mortgage on the land from Bowen to secure the loan of the $1,000.00 to Bowen, does not constitute a waiver by Grace of his vendor's lien. There is no evidence of overreaching by Grace or that the Bank was led to believe Grace would not claim his unpaid lien. The vendor did not owe either Bowen or the Bank, made no special agreement with either and took no part with Bowen in securing the loan or in giving a mortgage lien on the land for the loan made by the Bank to Bowen, and no circumstances appear which give the mortgage lien of Bowen to the Bank a priority over the vendor's implied lien of which the Bank had knowledge.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.