B. F. PATTON and PEARLE S. PATTON, his wife, *Appellants*, v. H. E. MEDDICK, *Appellee*.

Division A.

Opinion filed June 4, 1929.

*J. C. Davant,* for Appellants;

*Guss Wilder,* for Appellee.

ELLIS, J.—H. E. Meddick sold to B. F. Patton two lots in Harbor Hill Park Subdivision. The price agreed to

be paid was $5,000.00 of which $1,000.00 was paid and the remainder was to have been paid when the deed was delivered. This transaction occurred in December, 1924.

Patton was cashier of the Espiritu Santo Springs Bank and Meddick owed the bank $4,000.00 evidenced by his note. Certain securities had been deposited by him with the bank to secure the payment of the note, the due date of which was April 22, 1927.

The deed was delivered April 22, 1925, and recorded the following day. According to the allegations of the bill the complainant agreed to an amendment of the original agreement by consenting to the delivery of the deed to Patton upon the latter's promise to get the Meddick note, pay it and deliver it to Meddick in lieu of the $4,000.00 balance due on the purchase price of the lots.

A year later on April 22, 1926, the complainant agreed to another change in the terms of the original agreement as amended whereby he accepted Patton's note for $4,000.00 dated April 22, 1926, and payable on or before said date. The bill alleges that the note was intended as a demand note; that Meddick was to demand payment within a few weeks but complainant waited several months before making the demand. He had heard that the bank was about to fail. Patton failed to pay the note which had been left with him by Meddick and marked by Patton as a note to secure the Meddick loan at the bank. Meddick demanded of Patton the return of the Patton note. It was returned but the due date had been changed to April 22, 1927.

A copy of the note is attached to the bill but does not show the alleged alteration of the due date.

In the meantime the Meddick note had been sold by the bank to the First National Bank of Tampa. The Espiritu Santo Bank failed October 25, 1926. Patton took possession of the lots and is living upon them.

The bill alleges that Patton is insolvent, prays for the declaration of a vendor's lien upon the property and that it be sold to satisfy the lien and the complainant be allowed a reasonable attorney's fee.

A demurrer to the bill was overruled.

The defendant answered. Upon motion certain portions of the answer were stricken and Patton appealed from both orders.

We are of the opinion that in the transaction recited the complainant did not wavie his lien for the purchase price of the land and that the bill was properly sustained against the demurrer.

A vendor's lien is implied in equity to belong to a vendor for the unpaid price of land sold by him where he has not taken any other lien for the same beyond the personal obligation of the purchaser. It is not the result of any agreement between vendor and vendee but simply an equity raised by the courts for the benefit of the vendor.

It may be implied even where the vendor remains in possession. The lien is wholly independent of possession. It is a right given to the vendor of land who has conveyed title and reserved no lien nor taken security for the purchase price other than the grantee's personal obligation where the rights of others are not injured and it is equitable to sustain the lien. Even where the vendor knew that the purchaser borrowed money to make a payment and gave a mortgage to secure the loan such transaction does not destroy or waive the vendor's lien where no conduct of the vendor causes a waiver. Even where by direction of the purchaser the title is conveyed to another the vendor's lien follows the land without any special agreement. See Bowen v. Grace, 64 Fla. 28, 59 So. R. 563; Shaylor v. Cloud, 63 Fla. 608, 57 So. R. 666; DeLong v. Marshall, 66 Fla. 410, 63 So. R. 723; McKinnon v. John-

son, 54 Fla. 538, 45 So. R. 451; Rewis v. Williamson, 51 Fla. 529, 41 So. R. 449; Johnson v. McKinnon, 45 Fla. 388, 34 So. R. 272..

The conversations between Meddick and Patton concerning the latter's promise to pay the Meddick note to the bank did not constitute a waiver by the latter of his lien for the purchase price of the land. The undertaking of Patton was merely his personal obligation. The demurrer admits that the due date of the Patton note to Meddick had been changed to make its due date appear to be a year later than the date originally named therein. We do not read the bill as one seeking to reform the defendant's written obligation. The allegations of the bill show that the Patton note was due when the bill was filed and the demurrer must be taken to admit that allegation. There were no agreements between the parties inconsistent with the reservation of a lien by the vendor. No security further than the personal obligation of Patton was accepted by Meddick. The fact that the complainant prays for the allowance of attorney's fees does not destroy the lien which exists for the balance of the purchase price of the land. Patton's promise to pay Meddick's note to the bank was nothing more than the vendee's personal obligation.

Much, upon the other hand, may be said of the defendant's failures to meet his promises and evident lack of good faith in his dealing with his friend which might strengthen if need be the complainant's equity. As cashier of the bank he must have known of its failing condition and the sale of the Meddick note to the Tampa bank during all the time he was using his friend's confidence in him to secure extension of time for the payment of the balance due on the land. As one of the chief officers of the failing bank he must have known of his own inability to obtain the Meddick note as he knew of his own inability to pay

it. The memorandum upon his note to Meddick that it was left at the bank as security for the Meddick loan could not have been made in good faith if the allegations as admitted by the demurrer were true. These and other phases of the transaction so far from showing any waiver by Meddick of his lien strengthen the equity of his case.

The answer, portions of which were stricken, set up no defense to the bill except in so far as it denies the material allegations of the latter. There are six exceptions to the answer touching various parts of it. In so far as we are able to identify the parts of the answer to which exceptions were taken and the court's order sustaining some of them we find no error.

The orders appealed from are affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.