NATHAN C. BRYAN and ANNIE B. BRYAN, his wife, *Appellants*, vs. LESLIE R. MORE and OLIVE M. BRYAN, as widow of EUGENE C. BRYAN, deceased, and as executrix of the last Will and Testament of the said EUGENE C. BRYAN, deceased, *Appellees.*

Division B.

Opinion filed April 1, 1931.

Petition for rehearing denied May 1, 1931.

*Akerman & Akerman* and *Claude L. Gray*, of Orlando, for Appellants;

*Huffaker & Edwards*, of Bartow, for Appellees.

DAVIS, J.—Appellees, as complainants in the Court below, obtained a decree of foreclosure of a vendor's lien against the appellants who took title to the property involved from Ridge Properties, Inc., to which title was conveyed at the direction of the original purchaser, Eugene C. Bryan, who was deceased when the bill was filed.

It is shown that when the transaction between Eugene C. Bryan and the vendor, Leslie R. More, took place, no security was taken for the unpaid portion of the purchase price, but that the purchaser, Eugene C. Bryan, gave the complainant as evidence of such purchase price, promissory notes aggregating $3800.00, and that at the purchaser's direction the vendor made a deed to the property direct to Ridge Properties, Inc., which is alleged to have been a corporation largely controlled and directed by the purchaser.

The appellants here, Nathan C. Bryan and Annie B. Bryan, claim that they purchased the property concerning which the vendor's lien is claimed, from Ridge Properties, Inc., and that they paid a valuable consideration therefor without notice of any claim on the part of the vendor of a right to a lien against the property for the unpaid purchase money and without notice of any fact which would have given the complainant such lien against the land conveyed to them for a valuable consideration.

The contention also is made that it was shown to have been the intention of the complainant in taking the personal notes of Eugene C. Bryan for the purchase money, and deeding the property to a third person, in order to enable such third person to make a mortgage on the property for the purpose of erecting a building on it, to waive his vendor's lien, if any he had, against the property in the hands of his grantee, which was not the purchaser, but

which took the title pursuant to purchaser's direction with the vendor's acquiescence.

In McKinnon v. Johnson, 45 So. 451, 54 Fla. 538, it was held:

"The equitable lien for the purchase money which the law implies in the absence of an express lien or other remedy is for the benefit of the grantor of land, and it may be waived. Such waiver may be expressly made, or it may be inferred from facts and circumstances. Any conduct on the part of the grantor tending to show that he does not rely solely upon the legal implication in his favor may operate as a waiver of the grantor's lien."

It appears to us that the case we have here is governed by the foregoing rule, and that under the facts shown of record, it must be held that complainant's alleged vendor's lien was waived in so far as the rights of the appellants are concerned and that the court below committed error in entering a decree to the contrary.

The decree is therefore reversed for the entry of an appropriate decree in accordance with this opinion.

Decree reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND BROWN AND ELLIS, J.J., concur in the opinion and judgment.