F. T. LEWIS and LEANNA R. LEWIS, his wife, *Appellants,* v. ALONZO B. COLE, *Appellee.*

146 So. 679.

Opinion filed March 6, 1933.

*Jas. B. Gibson, Jr.,* for Appellants;

*E. B. Drumright,* for Appellee.

BIRD, Circuit Judge.—It appears from the pleadings in this case that Alonzo B. Cole and one Israel M. Boyd sold a certain piece of land in Hillsborough County to F. T. Lewis and Leanna R. Lewis, his wife, the purchasers agreeing to pay an outstanding indebtedness against the prop-

erty in the sum of three thousand dollars and to pay to appellee, Alonzo B. Cole, five hundred dollars and to Israel M. Boyd five hundred dollars, and gave to each of them separate promissory notes in the sum of five hundred dollars each, that the purchasers went into possession of the property and paid the outstanding indebtedness, but did not pay the five hundred dollars as evidenced by said note. No security was taken for the note.

It is alleged in the bill that appellee, Alonzo B. Cole, assigned his note as collateral security to one John E. Cain and afterwards redeemed the same. The bill is filed for the purpose of enforcing a vendor's lien claimed by Alonzo B. Cole. The bill was filed on the 27th day of April, 1931. The defendants, appellants here, filed a demurrer to the bill which was overruled. They then filed an answer and incorporated the same demurrer, said answer being filed on the third day of August, 1931. Exceptions were filed to the answer on the twenty-first day of August, 1931, and nothing further seems to have been done until the eighteenth day of November, 1931, when the case came on to be heard upon a motion of the complainant below for a decree upon bill and answer, under the provisions of Chapter 14658, Acts of 1931, known as the Chancery Practice Act, testimony was taken touching the amount due, and the Court entered a decree in favor of the appellee and the appellants appealed.

We are of the opinion that the bill was sufficient and that the Court committed no error in overruling the demurrer.

As we are able to glean from the answer, it appears that appellants admit the sale of the land, the fact that they are in possession, that they agreed to pay three thousand dollars outstanding indebtedness, and admit the execution of the note for five hundred dollars, and that no security was

taken therefor, and that the note has not been paid nor any interest thereon except such as set forth in the bill.

They contend, however, that appellants, prior to the transaction here involved, sold the identical land to Cole and Boyd, who agreed to pay a then existing mortgage of three thousand dollars upon the land, but were unable to and did not pay the said mortgage, that the appellants were compelled to pay it, and, for this reason, the lien should not be enforced. They also contend that, inasmuch as the appellee took the note involved herein without security, he waived his vendor's lien.

They further contend that since the appellants were compelled to sacrifice some of their securities and other property in order to make the payment of the three thousand dollar mortgage it would be inequitable to enforce the vendor's lien.

We think that the Court committed no error in entering a decree upon the bill and answer as the answer sets up no defense.

A vendor's lien is implied in equity to belong to a vendor for the unpaid price of lands sold by him where he has not taken any other lien for the same beyond the personal obligation of the purchaser. It is not the result of any agreement between the vendor and the vendee, but it is simply an equity raised by the Court for the benefit of the vendor. It is a right given to the vendor of lands who has conveyed the title and reserved no lien nor taken security for the purchase price other than the grantee's personal obligation where the rights of others are not injured and it is equitable to sustain the lien.

Patton v. Meddick, 122 So. 710, 97 Fla. 1073; Bryan v. Moore, 133 So. 338, 101 Fla. 31; Bowen v. Grace, 64 Fla. 28, 59 So. 563; Shaylor v. Cloud, 63 Fla. 608, 57 So.

666; Rewis v. Williamson, 51 Fla. 529, 41 So. 449; Johnson v. McKinnon, 45 Fla. 388, 34 So. 272.

It is next contended that because the appellee assigned the note as collateral security he cancelled the lien. We are unable to agree with this contention. 39 Cyc. 1810. In states such as this, where the lien is personal to the seller and the assignment or sale of the note discharges the lien, the rule is that the assignment of the note as collateral security only, is not a waiver of the lien, and where the assignor afterwards pays or redeems the note the lien is revived. Thompson on Real Property, Vol. 6; Sec. 4871, p. 41; Jones on Liens, 3rd Ed., Vol. 2; Sec. 1092, p. 56.

No error having been made to appear, the decree is affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.