CHARLES COOPER, *Appellant,* v. U. GILBERT RUFF, Jr., and NORA C. RUFF, his wife, *et al., Appellees.*

148 So. 870.

Division B.

Opinion filed June 9, 1933.

Paul D. McGary and B. C. Carey, for Appellant;

Bryant and Pittman for Appellee.

PER CURIAM.—Cooper filed a bill of complaint in the Circuit Court of Dade County, the purpose of which was to establish and declare a vendor's lien. The bill alleged in

effect that Cooper conveyed certain property in Coral Gables, Florida, to one Gilbert Ruff, Jr.; that the purchase price thereof was $14,000.00 to be paid, and which was paid, by Ruff delivering to Cooper $2,000.00 in cash and assigning to Cooper a second mortgage on certain property in Delaware County, Pennsylvania, for the sum of $12,000.00. The contract for the conveyance of the property was entered into at Miami, Florida, on March 17, 1930, and it was alleged that the terms of the contract were met by the parties. The contract provided that the conveyance should be made within thirty days. The assignment of the second mortgage was dated April 9, 1930. The second mortgage so signed was dated March 21, 1930, and was acknowledged on the same date. It was recorded on the 26th day of March, 1930.

This suit was filed on the 15th day of September, 1932.

Defendants' moved to dismiss the bill of complaint. The motion was granted. From that order appeal was taken.

The bill of complaint shows that the complainant agreed to take by assignment a second mortgage on the Pennsylvania property as part payment for the Coral Gables property. That the second mortgage was assigned to the complainant according to the terms of the contract. The allegations of the bill of complaint further show that the holder of the first mortgage instituted foreclosure proceedings and foreclosed the first mortgage and that the same was sold under decree in that foreclosure suit on March 28, 1931, to satisfy such decree.

The bill further alleged in effect that the second mortgage was not a valid mortgage because prior to the execution thereof the owner of the property embraced in the mortgage had entered into a written agreement with one John F. Boyle on the 22nd day of March, 1929, to convey the said property to the said Boyle in consideration of

certain promises and agreements therein contained to be performed by the said Boyle which contemplated certain conveyances of other property to be made from Boyle to Ruff, the then owner. A copy of that agreement is attached to the bill of complaint and contains the following:

"The said exchange shall be completed on the Fifteenth day of May, A. D. 1929, at the offices of any reputable title company when each of said parties shall, by good and proper deeds, convey the said premises belonging to him or her unto the other of them, as above set forth."

We think the law applicable to this case has been repeatedly enunciated by this Court, the last expression thereon being contained in the opinion and judgment in the case of Bryan v. Moor, 133 Sou. 338, wherein a part of the opinion in the case of McKinnon v. Johnson, 54 Fla. 538, 45 Sou. 451, was quoted with approval as follows:

" 'The equitable lien for the purchase money which the law implies in the absence of an express lien or other remedy is for the benefit of the grantor of land, and it may be waived. Such waiver may be expressly made, or it may be inferred from facts and circumstances. Any conduct on the part of the grantor tending to show that he does not rely solely upon the legal implication in his favor may operate as a waiver of the grantor's lien.' "

And prior to that time this Court had held in McKeown v. Collins, 38 Fla. 276, 21 So. 103:

"The lien of the vendor on lands for the purchase money is lost in all cases where any security is taken, on the land or otherwise, for the whole or a part of the purchase money, unless there is an express agreement to the contrary. That the additional security should prove unavailing does not affect the question. The lien is waived by the taking of the security, because it shows the intention of the vendor not to rely upon his implied equitable lien. This intention

is as well shown by an informal act as by one regularly done."

Aside from this rule of law, the record in this case shows by the affirmative allegations of the bill of complaint that the complainant learned all of what he says was the truth about the Pennsylvania property long before the first mortgage thereon was foreclosed and at a time when he might have put the defendant in *status quo* by returning to him under assignment the second mortgage and by placing him back into the position in which he was before the transaction between the parties was closed. But, he saw fit to retain the $2,000.00 paid him and to retain the second mortgage on the Pennsylvania property until the lien created thereby had been extinguished by the foreclosure of the prior mortgage. Therefore, he would be estopped by his own laches from pursuing at this late day and after this change in the relative situations of the parties to claim a lien which the record shows he never intended to hold or claim at the time of the transaction between the parties.

The order appealed from should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.