No. 13,921.

Schildt *v.* Topliss.
(56 P. [2d] 1328)

Decided March 30, 1936. Rehearing denied April 27, 1936.

Mr. L. C. KINIKIN, for plaintiff in error.

Mr. HERBERT L. STRANG, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as Schildt and Topliss.

Topliss sued Schildt to recover an unpaid balance of $1,000 on the purchase price of real estate, and to establish the same as a lien against the property. On a trial to the court he had judgment accordingly. To review that judgment Schildt prosecutes this writ and asks that it be made a supersedeas. He assigns as error: (1) The overruling of a motion to strike; (2) the holding that the action was not barred; (3) the insufficiency of the evidence.

1. To the original complaint, alleging a promise to pay on demand, a demurrer was filed on the grounds of want of facts and the bar of the statute. An amended complaint, alleging a promise to pay within three years, was then filed. This Schildt moved to strike on the

466

grounds of departure. The motion was overruled and Schildt elected to answer. He thus waived the departure, if any there was. 49 C. J., p. 833, §1234; *Ramsay v. Meade,* 37 Colo. 465, 471, 86 Pac. 1018.

■■ 2. The date of the transaction alleged was August 30, 1926. The answer pleads, and the evidence shows, that the unpaid balance was to be met by annual installments, the last of which would fall due August 30, 1929. The complaint herein was filed March 20, 1935, and the amended complaint June 13, following. Hence both pleading and proof bring the cause within the six-year statute relied upon. We need not notice the argument concerning the statute of frauds since it was not pleaded. Moreover, half the purchase price was paid and Schildt had both deed and possession. 27 C. J., p. 351, §431.

■ 3. The allegation that the balance was to be paid in three years is not, under the circumstances, inconsistent with pleading and proof that it was to be so paid in installments. It appears that these installments were to be evidenced by notes, which were drawn but never signed because of some disagreement concerning the price. However, Topliss has adopted the position of Schildt on that subject and, according to the pleadings and evidence of each, this $1,000 is due and wholly unpaid and Schildt has the property for one-half of what he admits was the agreed purchase price. We find no merit in the assignment.

It is further said that a vendor's lien is no longer available when the debt is not enforceable at law, citing *Shaylor v. Cloud,* 63 Fla. 608, and other authorities. Paragraph 1, supra, disposes of this.

The judgment is affirmed.

Mr. Chief Justice Campbell and Mr. Justice Holland concur.