PALMER, J.
In this mortgage foreclosure action, Hancock Bank appeals the partial final declaratory judgment entered by the trial court, holding that D.S.C. of Newark Enterprises possesses a vendor’s lien which is superior in priority to Hancock’s purchase-money mortgage.[1] Determining that D.S.C.’s contractual right to recover liquidated damages does not provide a basis for the imposition of a vendor’s lien, we reverse.
Master Development of Central Florida, Inc. entered into a sale/purchase agreement with D.S.C. relating to real property located in Volusia County. Master financed the purchase through a purchase-money mortgage from Peoples First Community Bank. The cash portion of the purchase price was $9,625,000. As additional consideration for the contract, a contract addendum required Master to complete various infrastructure projects. The cost of the projects exceeded $5,000,000.
After closing, Master entered into a post-closing agreement with D.S.C. That agreement stated that the sale/purchase agreement and the addendum imposed certain obligations on Master as part of the consideration for the purchase of the subject property. The agreement then listed numerous obligations including, as additional consideration, the construction of roads and utilities. The agreement also stated that Master’s infrastructure obligations were covenants that ran with the land. The agreement also contained a liquidated damages clause providing for a payout of $15,000 per month in delay damages in the event Master did not timely perform its contractual obligations.
Peoples First filed suit against Master and several other defendants, including D.S.C. The complaint alleged that Master breached the terms of its note and mortgage by failing to make timely payments. Peoples First was thereafter closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation was appointed receiver. Hancock acquired certain assets of Peoples First, including the instant note and mortgage. Hancock was substituted as the plaintiff in this action.
Hancock filed an amended complaint. The complaint named D.S.C. as a party defendant, and stated that D.S.C. “may have right, title, interest or claim in or to the subject property”, but that any such interest was “junior, inferior and subordinate in every way” to Hancock’s interest.
Hancock filed a motion for partial summary judgment against D.S.C. The motion asserted that D.S.C.’s interests arising from its post-closing agreement with Master were inferior to Hancock’s interests because Hancock was in possession of a purchase-money mortgage, citing BancFlorida v. Hayward, 689 So.2d 1052 (Fla.1997). D.S.C. filed a competing motion for declaratory relief, seeking a determination of whether it was entitled to obtain a vendor’s lien in the amount of the unpaid portion of the purchase price (i.e., the cost of the infrastructure requirements), and whether said lien was superior to Hancock’s purchase-money mortgage.
After a hearing, the trial court issued a written order holding that D.S.C. acquired a vendor’s lien in the amount of its yet to be determined liquidated damages against Master for its failure to timely complete its *1274 infrastructure obligations, and that under the equities of the case said lien had priority over Hancock’s purchase-money mortgage. This appeal timely followed.
When reviewing a declaratory judgment, appellate courts “defer to the trial court’s factual findings if supported by competent, substantial evidence.” Village of N. Palm Beach v. S & H Foster’s, Inc., 80 So.3d 433, 436 (Fla. 4th DCA 2012) (citing to Lawyers Title Ins. Co., Inc. v. Novastar Mortg., Inc., 862 So.2d 793, 797 (Fla. 4th DCA 2003)).
Hancock argues the trial court erred in concluding that D.S.C. is entitled to receive a court-imposed vendor’s lien in the amount of its yet to be determined liquidated damages judgment against Master. We agree.
A vendor’s lien is a creature of equity, a lien implied to belong to a vendor for the unpaid purchase price of land, where he has not taken any other lien or security beyond the personal obligation of the purchaser. Rewis v. Williamson, 51 Fla. 529, 41 So. 449; Bowen v. Grace, 64 Fla. 28, 59 So. 563; De Long v. Marshall, 66 Fla. 410, 63 So. 723; Johns v. Seeley, 94 Fla. 851, 114 So. 452.
Special Tax Sch. Dist. No. 1 of Orange Cnty. v. Hillman, 131 Fla. 725, 179 So. 805, 809 (1938). See Golden v. Woodward, 15 So.3d 664 (Fla. 1st DCA 2009); Lake Placid Holding Co. v. Paparone, 508 So.2d 372 (Fla. 2d DCA 1987).
Any liquidated damages award which D.S.C. recovers against Master will not represent the unpaid purchase price for thé land. Rather, the liquidated damages award will relate to delay damages for Master’s breach of its infrastructure obligations. As such, the trial court erred in ruling that D.S.C. was entitled to receive a vendor’s lien in the amount of its liquidated damages. Accordingly, the trial court’s partial final declaratory judgment order is reversed.[2]
REVERSED.
ORFINGER and LAWSON, JJ., concur.

. Appellate jurisdiction is proper pursuant to rule 9.110(k) of the Florida Rules of Appellate Procedure.

. D.S.C. would not have been entitled to obtain a vendor's lien in any amount, since a vendor’s lien is only available when the vendor has not taken any other lien or security beyond the personal obligation of the purchaser, and the post-closing agreement required Masters to provide security, including an escrow deposit of $250,000, to guaranty the completion of its contractual obligations. See Hillman, 179 So. at 809.