KARL SODERBERG, et ux., v. HARRIETT A. DAVIS

159 So. 23.
Division B.
Opinion Filed January 25, 1935.
Rehearing Denied March 11, 1935.

*Authur L. Auvil,* for Appellants;
*W. Kenneth Barnes,* for Appellee.

BUFORD, J.—The decree here is from a decree of foreclosure of a vendor's lien on real estate for the unpaid balance of the purchase price.

The record shows that apellants purchased from appellee a certain tract of land for which they agreed to pay the sum of $3500.00. Fifty dollars was paid on the date of the agreement, April 17, 1926, and $500.00 was to be paid on May 15, 1926. The balance was to be paid in monthly installments of $50.00 each, payable on the first day of each month beginning June 1st, 1926. The $500.00 agreed to be paid on May 15th was paid on June 7th, 1926.

Appellants went into possession of the property on the date of the agreement and continued to make payments of various amounts until and including November 7th, 1929, at which time the decree supported by the evidence shows that there was a balance due of $2476.00, for which amount decree was rendered with interest from that date.

The appellants, defendants in the court below, pleaded the three year statute of limitations, the bill of complaint having been filed January 3, 1934.

Appellants rely on the opinion and judgment in the case of Shaylor v. Cloud, 63 Fla. 608, 57 Sou. 666. The rule stated in that case is not applicable here because there a conveyance was made of the land and a note was taken for the purchase price. Both the legal and equitable title passed to the vendee. In the instant case legal title did not pass. The vendor agreed to deliver conveyances when the purchase price was paid according to the oral agreement, and turned the vendee into possession. The vendee for a long

time thereafter made satisfactory payments on the purchase contract.

The legal principles controlling here were enunciated in Miami Bond & Mortgage Co. v. Ball, *et al.*, 101 Fla. 291, 133 Sou. 547; and in Schmidt v. Kibben, 100 Fla. 1684, 132 Sou. 194; and also in Alabama Florida Co. v. Mays, 111 Fla. 100, 149 Sou. 61. In the latter case we said:

"The authorities are in almost hopeless conflict upon the question of rights arising under a vendor's lien. As was said in the case of Hammond v. Payton, 27 N. W. 72; 'There is, perhaps, no subject of equity jurisprudence discussed in the books upon which there is a greater diversity of opinion than exists in relation to the origin, nature, and effect of a vendor's lien, against whom, and in whose favor it avails, and how it may be discharged or waived.' This conflict, however, may be traced in part to the failure to observe the distinction between the lien implied by law in favor of the vendor who has parted with the legal title and has taken no security for the unpaid purchase money, other than the personal obligation of the vendee, and the lien which the vendor has while he holds the legal title under an unexecuted contract for the conveyance of land upon the payment of the purchase price, and the lien for the purchase money expressly reserved by the vendor in his deed.

"The first, the implied lien, is properly known as a vendor's lien. It is a creature of courts of equity, founded upon the equitable presumption that where the vendor has parted with his title and taken no security for the payment of the purchase money the purchaser ought not in conscience be allowed to keep it without paying the consideration. The lien thus created is not a specific, absolute charge upon the property, but only an equitable right of the vendor to resort to the property in case the purchase money is not

paid. Such a lien is not the result of an agreement between the vendor and vendee, and is simply an equity raised by the courts for the benefit of the former."

Citing Johnson v. McKinnon, 45 Fla. 388, 34 Sou. 272; McKeown v. Collins, 38 Fla. 276, 21 Sou. 103; McKinnon v. Johnson, 54 Fla. 538, 45 Sou. 431, and Shaylor v. Cloud, *supra.*

In 37 C. J. 706, the rule is stated thus:

"The general rule is that in the absence of statutory provision to the contrary, although a debt for unpaid purchase money may be barred by limitation, the lien therefor on the land of the vendor retaining the legal title is not barred, provided there is no such open, adverse possession, for the period in which actions for recovery of realty must be brought, as will cut off the right to enforce the equitable lien for the purchase money. And this rule is applied in some jurisdictions where the vendor has conveyed the land by absolute deed, taking no mortgage or other security, as well as where he has retained the title and executed only a bond for title, although it has been held otherwise where the vendor has merely executed a bond for a title. So it has been held that a vendor's lien is not barred by the mere fact that an auction for the purchase money is barred whether the legal title has not passed to the vendee or whether it has passed by a deed expressly reversing a lien. But it is held in several jurisdictions that the lien of a vendor who has parted with his legal title is a mere incident of the debt for the purchase money, and that therefore it cannot be enforced after the bar of the statute has attached to the debt."

And on page 742 of the same volume it is said:

In the absence of a statute fixing the time within which an action to enforce a vendor's lien must be brought, the

lien is frequently treated as merely an incident of the debt, and the statute which applies to an action to recover the debt applies also to one for the enforcement of the lien. On the other hand it has been held that in an action to enforce a lien of a vendor who has retained the legal title in himself, the limitation applicable in actions of ejectment or for possession is to be applied by analogy in the absence of any statutory provisions in relation thereto."

In Thompson on Real Property, Vol. 5, Section 4541, the writer says:

"A lien founded upon contract may be enforced although the debt be barred by the statute of limitations. The revival of a debt barred by the statute of limitations revives a vendor's lien incident thereto. The relation of a purchaser by title bond to his vendor is similar to that of mortgagor to mortgagee, and his possession is in like manner consistent with his obligation to pay the money secured, and does not become adverse except under circumstances which would make a mortgagor's possession adverse.

"A vendor's lien under an agreement or bond to convey, where the purchaser enters into possession without receiving a conveyance, is not barred by the statute of limitations until the lapse of twenty years without the payment of interest, or other recognition of the indebtedness on the part of the purchaser. Yet payment may be established by circumstances such as would satisfy a jury that the continued existence of the debt was highly improbable. There are cases holding that a vendor's lien reserved on the face of the deed is extinguished when the purchase money debt becomes barred by the statute of limitations."

And so it is that we hold that under factual conditions as are shown to exist in this case the three year statute of limitations does not apply.

The decree appealed from should be affirmed. It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, and DAVIS, J. J., concur in the opinion and judgment.