MARGARET S. TUCKER, a widow, *et al.*, v. ALBERT B. COLE, as Executor, etc.

MARGARET S. TUCKER, a widow, *et al.*, v. ALBERT B. COLE, as Executor of the Estate of Fannie L. Steele, deceased.

(Two Cases)
3 So. (2nd) 875
Division A
Opinion Filed September 26, 1941
Rehearing Denied October 20, 1941

*W. E. Smith,* for Appellants;

*James E. Smith, Jr.,* and *J.W. Hunter,* for Appellees.

BUFORD, J.—We have for consideration the merits of appeals in two cases which have been consolidated and presented together here.

In the first case the decree denied and dismissed the petition whereby it was sought to vacate a decree *pro confesso* entered on the first day of November 1909 and a final decree entered pursuant thereto on the 20th day of November, 1909.

In the second case the decree was in favor of the plaintiffs below, appellees here, adjudicating absolute fee simple title to the involved property to be in the plaintiffs.

If the plaintiffs be adjudged by us to have a clear fee simple record title to the property, or if plaintiffs be adjudged to have clear fee simple title to a part of the property and defendants be adjudged to be estopped to claim title as against the plaintiffs as to the remainder of the property, such adjudication will settle the rights of the parties and it will be unnecessary to discuss other contentions presented.

Whether or not the plaintiffs have a clear fee simple title depends upon whether or not a certain written instrument under seal be construed as a conveyance of title or as merely a bond for title. The involved written instrument is as follows:

"STATE OF FLORIDA

"MARION COUNTY.

"Know all Men By These Presents that I, B. M. Dell of the State of Florida and County of Alachua have this day bargained and sold, aliened, confirmed and delivered unto R. J. Steele & J. W. Roper of the State of North Carolina & Co. of Richmond a certain tract

or parcel of land situate, lying and being in the State of Florida and County of Marion on the South side of Orange Lake in Township Twelve (12) South of Range 22 East and North of Section 26 containing six hundred and forty acres (640), also two other parcels of land adjoining this containing 120 acres. The said Steele and Roper agreeing to pay me for the above named lands the sum of Six Thousand Dollars in three several installments as follows, viz. Two Thousand Dollars on the 20th February next, Two Thousand Dollars on the first of January 1856, Two Thousand Dollars on the first of January 1857 and I agree and bind myself, my heirs, executors and administrators and assigns in the sum of Twelve Thousand Dollars to the said Steele & Roper to make them a title or deed to the above named land in fee simple when they have made me the third and last payment as above prescribed. In witness of which I have hereunto set my hand and Seal this the 18th day of December 1854.                "Bennet M. Dell (Seal)
"Attest
"John E. M. Templeton.

"STATE OF FLORIDA
"COUNTY OF MARION

"Personally came before me A. S. Goin Clerk of the Circuit Court in and for the County and State aforesaid John M. E. Templeton a subscribing witness to the foregoing instrument of writing who being duly sworn deposes and says that he saw Bennet M. Dell sign, seal and deliver the same for the purposes therein expressed and that he subscribed the same as a witness. In testimony whereof I have hereunto set my hand and seal of office this 2nd January A. D. 1860.                "A. S. Goin, Clerk."

The record shows that the instrument was duly filed and recorded on January 2nd, 1860.

The fact that the instrument bears the signature of only one subscribing witness is of no moment now because the instrument may be considered valid under the doctrine applicable to ancient written documents. See Peninsula Naval Stores Co. v. Mathers, 96 Fla. 620, 119 Sou. 333, 26 C.J.S. Deeds, Art 188.

If the instrument was a deed of conveyance, it comes within the purview of c. 10169, Acts of 1925, Sec. 5695 and 5696 C.G.L.

With these points aside and bearing in mind that all parties claim from a common source, that is from Bennet M. Dell, we come to the matter of construing the instrument, *supra.*

The record shows that at the time the written instrument was executed Dell had received a patent from the United States Government issued May 15, 1852, conveying to him lots 1, 2, 3, 4, 5, 6, 8 and 9 of Section 23, Township 12 South, Range 22 East, and had also received patent from the United States Government, bearing the same date, conveying lot 9 of Section 24, Township 12 South, Range 22 East. It shows that after the conveyance by Dell, Dell received patent dated May 1, 1855, conveying lot 8 of Section 24, Township 12 South, Range 22 East, and also received from the United States Government a patent dated April 1, 1859, conveying the NW¼ of NE¼ of Section 26 and lot 7 of Section 23, Township 12 South, Range 22 East.

We find by reference to plat in the record that all the lands patented to Dell in 1852, Lots 1, 2, 3, 4, 5, 6, 8 and 9 are in Section 23 and lie south of Orange Lake and north of Section 26.

Lot 9 in Section 24 lies south of Orange Lake but not north of Section 26. Lot 7 of Section 23 lies south of Orange Lake and north of Section 26 but Dell did not receive the patent to that lot until after April 1, 1859.

The description in the instrument was sufficient to identify lots 1, 2, 3, 4, 5, 6, 7, 8 and 9 of Section 23, Township 12 South, Range 22 East, and it appears from the plat that it would require more than all of the land lying between Orange Lake and the north boundary line of Section 26 to make up the 640 acres as stated in the instrument.

The rule as to *after acquired title in grantor* is applicable to lot 7 in section 23 as stated in 8 R.C.L. 1058, Sec. 110, it appears that,

"As a general rule, when a person conveys land in which he has no interest at the time, but afterwards acquires a title to the same land, he will not be permitted to claim in opposition to his deed, from the grantee, or any person claiming title from the grantee."

See cases cited in support of text.

The document relied on by plaintiffs below as a muniment of title did not contain a description sufficient to identify or pass title to the lands therein referred to as "two other parcels of land adjoining this containing 120 acres," but it did contain a sufficient description to identify that part of section 23 lying south of Orange Lake and north of section 26.

Neither do we perceive the existence of any element of estoppel which will bar the defendants in the court below from asserting title to those lands not included in the area south of Orange Lake and north of Sec. 26.

The Circuit Court held the instrument, *supra,* to be a deed because by its terms, viz:

"Know all Men By These Presents, that I, B. M. Dell, of the State of Florida and County of Alachua, have this day bargained and sold, aliened, confirmed and delivered unto R. J. Steele and J. W. Roper of the State of North Carolina & Co. of Richmond, a certain tract or parcel of land," . . . the instrument conveyed a present estate.

We concur in such construction.

In 16 Am. Jur. 448 Sec. 20, the text is:

"In order that an instrument purporting to convey title to land or an interest or estate in land may be valid as a deed and operative to pass such title to or interest in land, it is essential that there be a grantor, a grantee and a thing granted, and that it convey a present interest or estate. It is further necessary that the instrument be signed by the grantor, someone whom he directs to sign for him, or his authorized agent, be attested and acknowledged in conformity to the local statutory requirements, and delivered by the grantor to the grantee, or to someone in his behalf and accepted by the grantee. No prescribed form is, however, essential to the validity of a deed or to make it operative if it makes known the transaction. To make a conveyance valid, it is in general sufficient that there be parties able to contract and to be contracted with, a proper subject matter sufficiently described, apt words of conveyance, and an instrument of conveyance duly sealed and delivered. Generally speaking, any words which denote the intention of the parties to a deed to transfer the title from one to another are sufficient to make a conveyance, and the court will give effect to that in-

tention notwithstanding inaccuracy of expression or the inaptness of words used."

At page 622, Sec. 326, *supra,* it is said:

"If the terms of the granting clause of the deed are sufficiently comprehensive to convey any title which the grantor may have in the premises which are the subject of the deed, the instrument will operate as a conveyance of all his right and title although his right or title is particularly described as being something less than that which he actually owned."

In Smith v. Noble, 174 Ky. 15, 191 S.W. 641, is found an enlightening discussion of the question here involved.

The construction which we give the instrument is supported by the action of the parties, viz:

(a) From the date of the conveyance Dell, the grantor, exercised no rights of ownership over the lands and until 1899 the heirs of Dell exercised no rights of ownership over the lands. The only right of ownership attempted to be exercised by some of the heirs of Dell was the execution of deeds conveying such interest as they may have had therein.

(b) From the date of conveyance to the present time the grantees have continuously exercised rights of ownership by executing mortgages encumbering the lands, making deeds of conveyance of parts of the lands, exercising actual possession over parts of the lands by maintaining fences and ditches enclosing the same from 1882 for a period of eight years, or more, and by paying all state and county taxes.

The latter part of the instrument, viz:

"The said Steele and Roper agreeing to pay me for the above named lands the sum of Six Thousand

Dollars in three several installments as follows viz, Two Thousand Dollars on the 20th February next, Two Thousand Dollars on the first of January 1856, Two Thousand Dollars on the first of January 1857 and I agree and bind myself, my heirs, executors, administrators and assigns in the sum of Twelve Thousand Dollars to the said Steele and Roper to make them a title deed to the above named land in fee simple when they have made me the third or last payment as above prescribed. In witness of which I have hereunto set my hand and seal this 18th day of December, 1854.",—when construed with the balance of the installment, constituted no more than a retention of lien to secure the payment of the sums therein specified. The record shows positively that part of the sum, for the payment of which lien was retained, was paid and as more than twenty years have passed in which payment may have been enforced (see Soderberg v. Davis, 118 Fla. 288, 159 Sou. 23; Thompson on Real Property, Vol. 5, Sec. 4541, page 665; Beall, et al., v. Folmar, 199 Ala. 596; 75 Sou. 172; Lindsey v. Thornton, 234 Ala. 109, 173 Sou. 500; Wayt v. Cariwithen, 21 W. Va. 516) any claim which the heirs or assigns or legal representatives of Dell may have had, has been long barred.

So it is that such lien as Dell may have retained by the above quoted provision in the deed was barred by the statute of limitation prior to the execution of the first pretended deed by Dell's heirs to other parties.

Aside from this, however, there being no statute derogatory thereto, the common law rule of presumption of payment arises from lapse of time. See Buckmaster v. Kelley, et al., 15 Fla. 180. In that

case Mr. Chief Justice RANDALL wrote the opinion and at length discussed the doctrine of presumption of payment based on lapse of time. It would evidence presumption upon the part of this writer to attempt to substitute the expressions of his thoughts for those of that learned Chief Justice.

In the record, there appears no evidence of nonpayment. There is, as heretofore stated, evidence of prompt payment of the part of the obligation which Mr. Roper considered himself bound for. There is no evidence of any demand for payment ever having been made. All these things combined lead the Court to the inevitable necessity of adjudging that the purchase price for which lien was retained was paid and the lien discharged.

Having reached the conclusion herein stated, it is not necessary for us to discuss any other phases presented.

The decree which denied and dismissed the petition whereby it was sought to vacate a decree *pro confesso* entered on the first day of November, 1909, and a final decree entered pursuant thereto on the 20th day of November, 1909, which was the decree involved in the appeal first hereinabove mentioned, is affirmed.

The decree in the second case hereinabove mentioned is affirmed insofar as it adjudicates title in the plaintiffs below, appellees here, to all lots and plats of land described in the decree except lot 9 of Sec. 24, and NW¼ of NE¼ of Sec. 26, all in Township 12 S., R. 22E., as to which the decree is reversed. The cause is remanded with directions that a decree be entered into not inconsistent with the views herein expressed. So ordered.

Affirmed in part and reversed in part.

224

It is further decreed that the costs incident to these appeals shall be taxed equally against the appellants on the one part and the appellees on the other.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J. concur.