Quiet title suit by Fannie Morton Sullivan and James English Sullivan against Clarence W. Nelson and others. From an adverse decree, named defendant appeals.
Decree affirmed.
The appellee, Fannie Morton Sullivan, and her brother, John Bursdall Young, were cotenants in the ownership of the 94 1/2 acres of land involved. Young did not see fit to contribute to the payment of the taxes due after being solicited by his sister, Fannie. With funds advanced by the mother of Mrs. Sullivan, a tax deed to the property was procured and issued to appellees and recorded on the 7th day of August, 1941. Thereafter, on October 30, 1944, John Bursdall Young executed a quitclaim deed to the appellee, his sister, Fannie Morton Sullivan, which was recorded on June 15, 1946.
Between the time of the issuance and after the execution and delivery of the quitclaim deed from John Bursdall Young to Fannie Morton Sullivan, and before its recordation, the appellant had procured and recorded a quitclaim deed from John Bursdall Young for a consideration of $100.00. Nelson procured and recorded his quitclaim deed more than four years after the recordation of the tax deed to the appellees Sullivan.
The appellees filed their bill to quiet title against Clarence Nelson and John Bursdall Young. At final hearing on the bill and answer of the appellant Nelson, and testimony, the chancellor decreed the equities to be with the plaintiffs and against the defendants and foreclosed the appellant, Nelson, of all right, title and interest in and to the property, which final decree Nelson appeals.
The tax deed divested Young of all his legal title. It is evident that Nelson received no conveyance of property from Young by reason of the quitclaim deed unless the tax deed is first stricken down. Appellant realizes this and bases his rights on the proposition as stated by him:
"The tax deed to Fannie Morton Sullivan amounts to nothing but a payment of the taxes."
Tax deeds are of legal force and effect as provided by law. However, in order to grant relief against fraud, a court of conscience may under proper circumstances hold them void or decree a trust to be imposed upon the title so acquired. Relief in equity against fraud is personal to the one defrauded. Nelson makes no claim of fraud as against him by the procurement of the tax deed; therefore as to him it stands with full legal force and effect.
The facts and circumstances may have been that John Bursdall Young, the former cotenant of Fannie Morton Sullivan, could have asserted an equity that the tax deed be decreed as payment of the taxes; and again the facts and circumstances might not have been such as to justify such relief. *Page 115 
Whatever the equities might have been between these cotenants, they were personal to Young and were not asserted and were put at rest by the quitclaim deed from Young to appellee, Sullivan, in 1941. Young's equities, if any, were personal to him; they never became Nelson's equities by virtue of his acquisition of the quitclaim deed from Young.
The decree appealed is affirmed.
THOMAS, CHAPMAN, SEBRING, BARNS and HOBSON, JJ., concur.
ADAMS, C.J., dissents.
TERRELL, J., not participating.