TERRELL, Justice.
Appellee,' Ruby Blaisdell;' instituted this suit against appellants to quiet title to certain lands in Dade County, predicated on a tax deed issued in 1928.' There was a stipulation of facts under which the court found, inter alia,.that the tax deed from the State of Florida was placed of record October 5, 1928, and that the grantee by special warranty deed recorded October 29, 1929; conveyed the property to Ruby Blaisdell who paid all taxes,, on it for more' than tw.enty years prior to filing suit to quiet title. - No claim adverse to the tax title was. asserted for more than twenty years after recordation of the tax deed.’ Quitclaim deed was executed in favor of appellant, a Florida corporation, and recorded November 8, 1948, mqre than twenty, years after recordation of the tax deed. The quitclaim deed was given by the fee owners prior to issuance of the tax deed.
The Circuit Court based his final decree on Section 95.23, Florida Statutes, 1953, F.S.A., relating to the-effect of deeds and wills purporting to convey lands after the lapse of twenty years and Section 196.09, Florida Statutes, .1553, F.S.A., relating to the efféct of 'a tax deed attempting to convey lands after the lapse of twenty years. The final decree quieting the title'was forth fied by Putzer v. Homeridge Properties, Inc., Fla.1952, 57 So.2d 848; Nelson v. Sullivan, Fla. 1949, 40 So.2d 114 and Travis Co. v. Mayes, 160 Fla. 375, 36 So.2d 264. The appeal is from the final decree so entered.
Appellants have filed the record and their brief in this, court and appellee has moved to "affirm the final decree on authority of Rule 38, Rules of this Court, 3Ó F.S.A. .
Rule 38 provides that appellee may-move “to affirm the order, judgment or decree sought to he reviewed, on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. The motion shall set forth clearly and concisely, .the -matter on which it is based.” The scope and purpose of this rule was thoroughly expounded in Joseph T. Miller Construction Company, Inc. v. Borak, decided July 22, 1955, not yet reported.
The facts in the present case are set out at length in the stipulation made part of the record and are not in dispute. Appellants rely on Clermont-Minneola Country Club v. Coupland, 106 Fla. 111, 143 So. 133; Daniell v. Sherill, Fla.1950, 48 So.2d 736, 23 A.L.R.2d 1410, and Tucker v. Cole, 148 Fla. 214, 3 So.2d 875, to reverse-the .judgment, but in our view this contention is overcome by Putzer v. Homeridge Properties, Inc., supra, and Sections 95.23 and 196.09, Florida Statutes, F.S.A., relied on by the chancellor, as basis for his final decree.
We think the case .is a typical one for invoking the “motion to affirm” under Rule 38, Rules of this Court. Appellee had acquired.a tax deed and had,-paid.-taxes, on the property for more, than twenty years as contemplated by the' statutes cited in the preceding paragraph. Appellee may also claim title as result of her breach of warranty despite the fact that her Muller mortgage has not been paid and is now barred by the statute of limitations;' Appellants contend that appellee is estopped to'assert her title based on tax deed, it being an after acquired title, but there is no merit- to this contention.
The motion to affirm the judgment appealed--from is accordingly granted.
It is so ordered.
DREW, C. J., and ROBERTS-and SE-BRING, JJ., concur.