117 So.2d 221 (1959)
Jesse F. SPENCER and Elizabeth K. Spencer, His Wife, Appellants,
v.
A.M. WIEGERT and Rena Wiegert, His Wife, Appellees.
No. 1201.
District Court of Appeal of Florida. Second District.
December 30, 1959.
Rehearing Denied January 27, 1960.
*222 Askew, Earle & Holley, and Robinson & Robinson, St. Petersburg, for appellants.
John G. Enwright, St. Petersburg, for appellees.
KANNER, Judge.
Relief sought by the appellants, the Spencers, in their suit to enjoin the appellees, the Wiegerts, from interfering with their use as easement of a fifteen foot strip of land abutting appellants' property was denied by the chancellor by his final decree. The appeal now before the court is from this adjudication.
*223 The appellants are predicating their claim of easement upon the fifteen foot strip as shown on a plat entitled "Mitchell's Beach", recorded in 1914, showing lots, blocks, streets and alleys throughout its entire area, but not dedicating the streets and alleys to public use. Block 42 on the plat was bisected by a fifteen foot alley connecting with Fifth Street to the north, with lots 7, 8, 9, and 10, now owned by appellants, abutting on its westerly boundary and with lots 11, 12, 13, and 14, now owned by appellees under a different description, abutting on its easterly boundary.
The dispute here involved arose when appellees, early in May, 1958, notified appellants, who had acquired their property in March of 1957, that appellees held legal title to the area shown on the Mitchell's Beach plat as an alley, free and clear of any easement, demanding that appellants cease using it as a way and further stating that there was an encroachment of several inches onto this land by one of the steps to one of appellants' cottages.
Although as stated above, the plat of Mitchell's Beach recorded in 1914 did show the alley in question, a replat of a portion of the lands included in Mitchell's Beach Subdivision was made and recorded by P.A. Page, Jr., in December, 1935. At the time of that replat, all the lands in Mitchell's Beach Subdivision were owned by Gulf Beach Company, Inc.; but an agreement for deed had been entered into in February of that year and recorded in August between that company and P.A. Page, Jr., appellants' remote predecessor in title, providing for the eventual conveyance to Page of certain lands described therein. This replat did not include lots 7, 8, 9, and 10, now owned by appellants, but showed the alley here in dispute as a portion of lot 11, block M of the replat. It also showed lots 11, 12, 13, and 14 of block 42 of Mitchell's Beach as a portion of the replat, although the caption of the replat failed to show that a portion of block 42 of Mitchell's Beach was included.
In February, 1938, while still holding title to all the lands involved, Gulf Beach Company, Inc., conveyed to P.A. Page, Jr., "Lots Numbers Seven (7), Eight (8), Nine (9), and Ten (10) of Block Forty-Two (42) of Mitchell's Beach Subdivision, according to the Map or Plat thereof recorded in the Office of the Clerk of the Circuit Court of Pinellas County, Florida," together with other lots. Later in that same month, Page through deed recorded April 1, 1938, conveyed these lands under the same description to Mary Sierkese, a predecessor in title of appellants; and in 1939 certain cottages were constructed on the property which virtually abut on the property line, with a slight encroachment as to the steps of one cottage. In conveying the lands, Page made no reference to his replat of a portion of Mitchell's Beach.
In 1941 the Gulf Beach Company, Inc., conveyed to Page all the lots in Mitchell's Beach Subdivision not already conveyed to him. Although this deed carried all the right, title, and interest of the grantor in the streets of Mitchell's Beach Subdivision, no reference was made to the 1935 replat. This latter conveyance included the lands now owned by appellees. Subsequently, when Page in 1942 conveyed the lands now owned by appellees, he described them with reference to Page's Replat which had absorbed into lot 11, block M, the greater portion of the alleyway originally shown in block 42 of Mitchell's Beach.
It is thus seen that the common predecessor in title of both the appellants and the appellees, Gulf Beach Company, Inc., conveyed the property now owned by these respective parties by reference to the plat of Mitchell's Beach Subdivision which did show the fifteen foot strip as an alley abutting the lots now owned by the appellants. The question here posed is whether there does now exist the fifteen foot alleyway to which appellants are here contending they have the right of easement and to which appellees are asserting legal title free of such easement.
*224 An intervening period of about nineteen years elapsed after construction of the cottages in 1939, then came the objection of the appellees who had acquired their property in the year of 1957. This area in dispute had been and was being used in connection with these cottages in the operation of a motel business, for travel, garbage collection and other uses, and was regularly traversed by others. A person stepping directly off the back steps of the cottages would have to step into the alley.
Appellants, in being denied use of the strip of land originally designated as an alleyway, say that in 1939 their predecessor in title then owning the property erected the cottages in the described manner in reliance upon the plat of Mitchell's Beach Subdivision with reference to which the conveyance had been made, so that use could be made of the easement for ingress and egress to and from Fifth Street. Their position is that the only action by appellees and their predecessors in title to sustain the absorption of the fifteen foot strip as an easement was constituted within the conveyance by Page after 1941 of title to the lands now held by appellees with reference for the first time to his replat of a portion of the subdivision instead of to the plat of Mitchell's Beach Subdivision. They say that such effect could not be achieved by Page after appellants' predecessor in title had acquired and improved this property in reliance upon the Mitchell's Beach Subdivision plat, and since they derived the property through mesne conveyances from their predecessors in title under the Mitchell's Beach plat. On the other hand, the appellees say that since no reference is made in the 1938 conveyance by Page to a plat book by number and page and both plats contain the inscription, "Mitchell's Beach," and since the replat was already of record, this constituted notice to the world that the alleyway no longer existed prior to any conveyance shown in the record in appellants' chain of title.
The chancellor's refusal to grant injunctive relief was premised principally on the fact that both plats were recorded prior to acquirement of appellants' property through mesne conveyances by their predecessors in title. Primarily, this is the position pursued by appellees in their brief and argument.
Actually, little disagreement appears to exist between the parties as to the facts of the case. It is to the legal principles as they may apply to these facts that the court must turn for the solution to the problem in dispute.
Concerning the divergent positions of the parties to this controversy, the court first observes that generally where property has been conveyed by a deed with reference to a plat which embraces the property, the plat and the deed should be read together; and whatever properly appears on the plat should be considered a part of the deed. Wahrendorff v. Moore, Fla. 1957, 93 So.2d 720. The rule has long been recognized and accepted that "The platting of land and the sale of lots pursuant thereto creates as between the grantor and the purchaser of the lots a private right to have the space marked upon the plat as streets, alleys, parks, etc., remain open for ingress and egress and the uses indicated by the designation," even though this only constitutes an offer of dedication so far as the public is concerned. City of Miami v. Florida East Coast Ry. Co., 1920, 79 Fla. 539, 84 So. 726, 729; also Feig v. Graves, Fla.App. 1958, 100 So.2d 192; and 28 C.J.S. Easements § 39, p. 701. Existing independently of any public rights growing out of a dedication, such private rights acquired by purchasers of lots under conveyances with reference to a plat showing streets and alleyways are said to be in the nature of implied easements. Mumaw v. Roberson, Fla. 1952, 60 So.2d 741; and Feig v. Graves, supra. The purpose of this principle is not to create public rights but rather to secure to purchasers of lots under such circumstances those benefits the promise of which it is reasonable to infer has induced them to *225 purchase portions of a tract of land laid out on the plan indicated. McCorquodale v. Keyton, Fla. 1953, 63 So.2d 906. The right of a purchaser to such easement is a property right of which he cannot be deprived without due process of law. 28 C.J.S. Easements § 39, p. 702.
With reference to the extent of such easements, the Florida Supreme Court in the case of Powers v. Scobie, Fla. 1952, 60 So.2d 738, 740, supports the "intermediate" view that the "beneficial" or "complete enjoyment" rule should be adopted. Pointing out that adoption of this rule means that each case must be determined on its own facts wherein the complaining party, in order to prevail, must show detriment or damage to his property, the court quoted the rule as enunciated in 7 A.L.R.2d, section 7, p. 633, "that the extent of the grantee's private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made is limited to such streets and alleys as are reasonably or materially beneficial to the grantee and of which the deprivation would reduce the value of his lot."
Further, the Supreme Court in Reid v. Barry, 1927, 93 Fla. 849, 112 So. 846, at page 857, applied the general rule of estoppel as now set forth in 31 C.J.S. Estoppel § 13, p. 196, to the effect that a person who purports to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed; that for the purpose of defeating the title of the grantee, such a person will not be heard to say that at the time of the conveyance he had no title, or that none passed by the deed; that such a person cannot deny to the deed its full operation and effect as a conveyance. See also Daniell v. Sherrill, Fla. 1950, 48 So.2d 736, 23 A.L.R. 2d 1410.
Applying the principles thus adopted in the Florida jurisdiction, we see that when Page in 1938 obtained title to lots 7, 8, 9, and 10 of block 42, he acquired an implied easement in the alley here in controversy. Since the alley abutted Page's property, the right to its use when Page acquired his deed constituted an easement beneficial to the property, and denial of its use would have constituted under the circumstances a detriment to that property. By the same token, his deed to his grantee in 1938 conveyed the property under the same description and carried with it the easement for his use of the alley. He was thereafter estopped to assert anything to the contrary in derogation of his deed. Thus, through mesne conveyances appellants have succeeded to his interest. When he made this 1938 conveyance, Page did not have title to the alleyway in which his deed granted an easement; therefore, he conveyed, not the title to but only the easement of the alleyway which was his by virtue of the prior conveyance to him. Page had control of the conveyance and of the description that was employed, and he chose to describe these lots of block 42 with reference solely to the plat of Mitchell's Beach showing the alley, despite the fact that he himself was responsible for the replat absorbing the alley and was thus fully aware of its purported effect." Constructive notice to the grantee of the replat through its having been placed of record prior to the conveyance of the property by Page cannot constitute a controlling factor, since Page made the conveyance according to the prior plat of Mitchell's Beach, and since estoppel was operative against him.
Page was not the legal title holder of the land embraced within the replat at the time he recorded it, although he did have an interest through his contract to purchase those lands. As has been stated, he held no title to the alleyway in which his deed granted easement at the time of his conveying of lots 7, 8, 9, and 10, in 1938, so that it was only the easement of and not the title to the alley which he conveyed. As was set out in the case of Moralis v. Matheson, 1918, 75 Fla. 589, 79 So. 202, 203-204:

*226 "Where a grantor sets forth on the face of his conveyance by averment or recital that he is seised of a particular estate in the premises and which estate the deed purports to convey, the grantor and all persons in privity with him are estopped from ever afterwards denying that he was seised and possessed at the time he made the conveyance. The estoppel works upon the estate and binds an after-acquired title as between parties and privies."
See Nottingham v. Denison, Fla. 1953, 63 So.2d 269; Tucker v. Cole, 1941, 148 Fla. 214, 3 So.2d 875; and 31 C.J.S. Estoppel § 21, p. 203. Easements constitute property within the rule of estoppel as to after-acquired property. 31 C.J.S. Estoppel § 30, p. 210. It is observed that in the 1941 deed conveying the remaining lots in Mitchell's Beach Subdivision from Gulf Beach Company, Inc. to P.A. Page, Jr., not only did the granting clause refer to the plat of Mitchell's Beach, but the habendum clause provided:
"Together, with all the tenement, hereditaments and appurtenances with every privilege, right, title, interest and estate, reversion, remainder and easement thereto belonging to or anywise appertaining, and particularly any and all right, title and interest of the party of the first part in and to the riparian rights and in the streets, alleys, rights of way, parkways and like easements." (Emphasis supplied.)
Thus, when Page acquired title to the alley in 1941, the doctrine of after-acquired title and estoppel by deed would have inured to the benefit of his former grantee, even if the easement had not already been transferred by his 1938 deed referring to the plat of Mitchell's Beach.
It is clear that when Page, after acquiring title to the lands he had replatted, made in 1942 to appellees' predecessor in title the first conveyance to have been made by reference to the replat, he was essaying to convey lands under the newer reference despite the fact that he had already granted, as to a portion of these same lands, an easement by reference to the plat of Mitchell's Beach in his conveyance of lots 7, 8, 9, and 10 of block 42. The deed conveying this easement had been of record since April 1, 1938; and Page's grantee, appellees' predecessor in title, had thereby been charged with constructive notice of it. Thus the appellees are protesting an easement shown by the record still to have been in force when the lands were acquired by their predecessors in title. As shown by the record, they are refusing to permit use of the easement by the appellants in conjunction with the abutting property.
The chancellor was therefore in error in denying the injunctive relief to the appellants, and the cause is reversed for entry of final decree in conformity to the views expressed in this opinion.
Reversed.
ALLEN, C.J., and SEBRING, HAROLD L., Associate Judge, concur.