MILLEDGE, STANLEY, Associate Judge.
The question is whether a description of land in a deed includes accretions. Both sides agree that unless excepted the title to accretions passes with the title to the land to which the accretions are appurtenant. Jefferis v. East Omaha Land Company, 1890, 134 U.S. 178, 10 S.Ct. 518, 33 L.Ed. 872; Mexico Beach Corporation v. St. Joe Paper Company, Fla.App. 1957, 97 So.2d 708. In short the tail goes with the hide unless excepted. Both parties urge rules of construction. The description in question is as follows:
“U. S. Government Lot 5, Section 20; U. S. Government Lots 3 and 4, Section 29; U. S. Government Lots 3, 6 and 7, Section 19; all of the above described lands lying in Township 41 South, Range 20 East.”
The appellant, the grantee, insists that the first description controls and that the second description should be ignored. The appellees insist that the second description constitutes an exception to the first; that is that by attaching a map of the lands conveyed is equivalent to excepting the accretions as lands not conveyed. To avoid the force of rules of construction, appellees say that there is only one description and not two conflicting descriptions. We agree. Each description is complete. Each, if standing alone, is a complete description. Each conveys the accretions since neither mode of description excepts the accreted land. The differences between the two descriptions is in the mode of expression. The first uses words; the second uses a map. The lands colored yellow on the map are the same lands previously described by words. One might say that there are two descriptions but it is more accurate to say that there are here two different methods of describing the same thing. At any rate there is no conflict between them. Repetition does not create a qualification. Since there is no conflict there is no ambiguity and no occasion to resort to rules of construction. These rules are helpful to determine what one has said; they are of no use to determine what one meant to say. What the grantors here have said is plain enough. They have conveyed the accretions because nowhere have they excepted the accretions. If because of a mutual mistake of fact something has been said that was not meant to be said in an instrument, although on its face what was said is clear, the remedy must be sought by reformation, not by construction of language or maps.
The present appeal is from an order dismissing the amended complaint for failure to state a cause of action. The appellant is seeking to quiet title to the accreted land against the cloud cast by the quiet decree to these lands obtained by appellees in a suit to which appellant was not a party. *42 Since on the face of the deed appellant acquired title to the accretions, its complaint stated a cause of action. The order appealed from is reversed.
KANNER, Acting C. J., and SHANNON, J., concur.