JOHNSON, Judge.
This is an appeal from a final decree and an order on petition for clarification of the final decree, both of which were adverse to the plaintiff’s desires. Hence this appeal.
In 1930, the then owner of certain real property in Franklin County, Florida, had said property subdivided and a plat there *706 of filed called McKissack Beach, which plat showed certain streets and avenues by number and/or name. Shown on the plat north of portion platted into streets and lots is an area which appears to he almost as large, if not larger, than the portion platted into lots and on which about the center thereof appears the words “picnic grounds”. South of the portion platted into streets, is another area which appears from the plat to extend from the south platted lot boundaries to the Gulf of Mexico and on which portion of the plat, at two points thereon, appear the word “Beach”.
The original dedicatory certificate attached to and made a part of the recorded plat of McKissack Beach, contains this language:
“And the said W. C. McKissak [sic] and M. L. McKissack do hereby grant and dedicate to the perpetual public use of the owners of lots in said McKissak [sic] Beach subdivision for the purpose of public highways and parks all streets, avenues, boulevards, parks and driveways shown on this map or plat as a part of said subdivision, reserving unto themselves their heirs and legal representatives and assigns the reversion or reversions of the same when the use thereof as public highways and places shall be abandoned by the public or discontinued by law.”
From a reading of the above certificate, it appears that no dedication was made as to the picnic grounds nor Beach areas. Further the dedication was made a conditional one as to the streets by use of the language “reserving unto themselves their heirs and legal representatives and assigns the reversion or reversions of the same when the use thereof as public highways and places shall be abandoned by the public or discontinued by law.”
It appears from the record before us that the McKissacks conveyed the portion of the plat in dispute, to the Trustees of Carrabelle Holiness Camp Ground and their successors in 1945, such conveyance being by metes and bounds although referring to certain points on the plat as identification markers only. The parties to this cause of action are each a successor in title from the Trustees, aforesaid. The Trustees conveyed to plaintiff’s immediate predecessor in title the land claimed by the plaintiff, by warranty deed dated January 7, 1955, wherein the land was described by metes and bounds and the only mention of the plat was for identification of starting points or certain boundaries. Also, this deed excluded the lands claimed by the defendants in this suit. In 1956, the said Trustees of the Carrabelle Holiness Camp Ground conveyed to the four defendants their respective lots or parcels claimed by them, and the composite of which deeds constituted the same property omitted from the deed to the plaintiff’s immediate predecessor in title, a Mr. Patrick. Three of the defendants’ deeds were recorded in August 1956. The fourth was not recorded until February 1958.
The plaintiff-appellant obtained its deed in December 1956, which was after the recording of three of the defendants’ deeds, and therefore, the plaintiff had or should' have had knowledge of the claims of the defendants at the time it purchased its property.
The evidence shows that the area shown on the plat as “Beach” is not used for nor fit for a beach; that the portions of the platted area and streets included in the deeds of the defendants have never been recognized nor used as streets or public highways and that in fact, the same has been abandoned. This evidence appears to be agreed to or at least not controverted.
The trial court, in its final decree and the clarification order thereof expressly limits the adjudication herein to the rights of the parties to this suit and the lands of the defendants, not the entire McKissack Beach subdivision.
The conveyance to the appellant and its immediate predecessor, sets forth a metes *707 and bounds description. It contains no reference to specific lots or blocks of the plat. It embraces many of the platted lots and areas designated streets and beach shown on the plat, but does not contain any reservation of easement for streets or other areas but purports to be an unconditional conveyance of the fee simple title to the entire area embraced in the description.
The common source of title of both the appellant and the appellees is the Trustees of Carrabelle Holiness Camp Ground; each title is described by metes and bounds, and neither title contains any reference to the easements pertinent to the lands involved here.
The trial court held and we think correctly so, that the plaintiff was in privity with the source of his title, namely, the Trustees, and that it is thus estopped from denying or maintaining a position inconsistent with the deed under which it, the plaintiff eventually derived its title. Spencer v. Wiegert, Fla.App., 117 So.2d 221 (Headnotes 6 & 7).
 We recognize that the rule which obtains in this state, that generally where property has been conveyed by a deed with reference to a recorded plat which embraces the property conveyed, there is created, as between the grantor and grantee, a private right to have the spaces marked upon the plat as streets, alleys and parks, remain open for ingress and egress and the uses indicated by the designation but the Florida Supreme Court has ably pointed out that it is the view of that court that the “intermediate” view, referred to either as the “beneficial” or as the “complete enjoyment” rule should be adopted in this jurisdiction, and that to do so, each case must be determined on its own facts and to prevail, the complaining party must show damage or detriment to his property. Powers v. Scobie, 60 So.2d 738. Therefore, with the title of appellant and appellees being from a common source and both without reservations or references to the platted streets or parcels affected in this cause, we think the trial court was correct in its order appealed and the same should be and is hereby
Affirmed.
RAWLS, C. J., and STURGIS, J., concur.