306 So.2d 537 (1975)
Herman SALTZMAN and Irene P. Saltzman, His Wife, et al., Appellants,
v.
Lacey N. AHERN, Appellee.
No. V-17.
District Court of Appeal of Florida, First District.
January 28, 1975.
*538 Robert E. Carrigan, Gainesville, for appellants.
Jere D. McWinn, Jacksonville, for appellee.
BOYER, Judge.
Both appellants and appellee claim title to a parcel of real estate, each claiming under separate conveyances from a common grantor, one James M. Dudley. Appellee filed a complaint to quiet title and appellants counterclaimed. The trial judge granted a motion for summary judgment, quieting title in appellee and appellants appealed.
Appellants first urge that the trial court should have dismissed appellee's complaint of its own motion, and that its failure so to do was error. That contention is totally devoid of merit.
Appellants' second point relates to the propriety of the entry of the summary judgment appealed. The primary thrust of appellants' argument relative to this point is that the deed from Dudley which forms the root of appellee's title was so ambiguous as to have raised an issue of material fact as to whether the deed conveyed a present interest or whether it was intended by Dudley to effect a testamentary disposition.
We have repeatedly announced the law applicable to the entry of summary judgments, and no useful purpose will be accomplished by repeating those pronouncements here. (Connell v. Sledge, et al., Fla.App., 306 So.2d 194, opinion filed January *539 16, 1975. See also Holl v. Talcott, Sup.Ct.Fla. 1966, 191 So.2d 40)
The questioned deed was executed by Dudley on August 24, 1953. A standard printed form was utilized, but the grantor deleted the word "warranty" and the "warranting clause" as well as the words "in fee simple", causing the deed to read (in material part) as follows:
"WITNESSETH, that the said grantor, in consideration of Ten ($10.00) dollars and other valuable consideration, the receipt whereof is hereby acknowledged, does give, grant, bargain, sell, alien, remise, release enfeoff, convey and confirm unto the said grantees and their heirs and assigns the lands situate in Duval County, State of Florida, described as follows:
[legal description of subject property]
"BUT RESERVING, HOWEVER, unto the said grantor a life estate in said above described lands for the period of his natural life.
"TO HAVE AND TO HOLD the same together with the hereditaments and appurtenances, unto the said grantees, and their heirs and assigns forever, subject, however, to the estate for life of the said grantor therein."
Appellants did not question in their counterclaim the identity of the parties to the deed, nor that it was properly signed, witnessed and acknowledged, nor that it was delivered nor that there was any lack or failure of consideration. Appellants' sole contention is that the grantor, by making the changes in the deed form above mentioned, and by subsequently conveying the identical property to appellants' predecessors in title thereby evinced an intention that the subject deed not take effect during his lifetime but be considered instead as an attempted testamentary disposition.
In order to resolve the issue, there being no question as to execution, consideration or delivery, we must examine the deed itself. When the language of a deed is clear and certain in meaning and the grantor's intention is reflected by the language employed, there is no room for judicial construction of the language nor interpretation of the words used. Rules of construction will be utilized only where the meaning or effect of the deed is doubtful. If there is no ambiguity in the language employed then the intention of the grantor must be ascertained from that language. (See Thompson v. Ruff, Sup. Ct.Fla. 1918, 75 Fla. 476, 78 So. 489; American Mortgage Corp. v. Lord, Fla. App.2nd 1961, 132 So.2d 40 and 23 Am.Jur.2d, Deeds, § 159) Technical words of grant or conveyance are not essential in order for a deed to operate as a conveyance. (See Tucker v. Cole, Sup.Ct.Fla. 1941, 148 Fla. 214, 3 So.2d 875; Sanders v. Ransom, Sup.Ct. 1896, 37 Fla. 457, 20 So. 530; Reid v. Barry, Sup.Ct.Fla. 1927, 93 Fla. 849, 112 So. 846 and Hardee v. Horton, Sup.Ct.Fla. 1925, 90 Fla. 452, 108 So. 189, cert. den. 273 U.S. 714, 47 S.Ct. 107, 71 L.Ed. 854) In those cases wherein construction of the language employed in a deed is necessary, the language must be construed strictly against the grantor. (See Horn & Savell v. Gartman, Sup.Ct. Fla. 1846, 1 Fla. 63) The recitation of consideration in an instrument raises a presumption thereof and when a person executes and delivers a deed for consideration there is raised a presumption that the words employed in the deed were intended to be effective in accordance with their ordinary meaning. If a deed is, by virtue of execution, delivery, consideration and language employed, impervious to attack by the grantor executing same then it may not be successfully collaterally attacked by another.
Application of the foregoing principles, particularly in view of the statutory mandates contained in F.S. 689.02, 689.03, 689.09, and 689.10 required the trial judge to determine that the subject deed could only be construed as conveying to the grantee (appellee's predecessor in title) all *540 of the grantor's title, subject only to the reserved life estate, which both parties to this appeal agree to have been terminated by the death of Dudley.
The judgment appealed is accordingly
Affirmed.
RAWLS, C.J., and McCORD, J., concur.