GOSHORN, Chief Judge.
David Lightholder took title to a parcel of real estate as trustee and subsequently conveyed a one-quarter undivided interest in the property each to Grady Goolsby and to Henry Goolsby. Subsequently, two money judgments were rendered against Lightholder. Thereafter, Lightholder and both Goolsbys, in one warranty deed, conveyed the property to Kishor and Rachna Pathare (the Pathares).
At the closing, each of the three sellers signed an individual affidavit stating that “[t]he property is free and clear of all recorded and unrecorded liens, encumbrances and claims of every nature, kind and description whatsoever.” Each affidavit described the seller as “the transferor *1346 of the property described in [the title insurance commitment issued by Chicago Title Insurance Company].” The commitment described the property as a whole, without reflecting the individual interests of the three sellers. Each affidavit further provided that the seller agreed to indemnify Chicago Title from any loss or damage sustained under its title insurance policy issued in reliance upon the statements contained in the affidavit.
After the closing, Chicago Title discovered the money judgments against Lightholder and stopped payment only on Lightholder’s proceeds from the sale. The Pathares and Chicago Title filed suit against Light-holder and both Goolsbys for breach of the warranty covenant in the deed and for fraudulent misrepresentation.
The trial court entered a final summary judgment in favor of both Goolsbys on the breach of warranty count and in favor of Henry Goolsbys on the fraudulent misrepresentation count. Because the record provides no evidence that Henry Goolsby had any knowledge, either actual or constructive, of the money judgments against Lightholder, we affirm the summary judgment in his favor on the fraudulent misrepresentation count. However, for the reasons hereinafter discussed, we reverse the summary judgment on the breach of warranty count.
In considering the breach of warranty count, both sides agree that the trial court correctly stated the general rule that when two or more grantors execute a deed containing a covenant of general warranty, each grantor becomes bound to the grantee as a joint and several warrantor, unless the warranty covenant contains express words of severalty. See W. C. McBride, Inc. v. Calvin Oil Co., 53 Ill.App.2d 194, 202 N.E.2d 676, 679-80 (Ill.App.Ct.1964); Germany v. Turner, 123 S.W.2d 874, 876 (Tex.Ct.App.1939). Although we find no Florida case adopting this common-law rule, the rule complies with the general principles of Florida law on the construction of deeds. In Saltzman v. Ahern, 306 So.2d 537, 539 (Fla.1st DCA1975), the court stated that “[w]hen the language of a deed is clear and certain in meaning and the grantor’s intention is reflected by the language employed, there is no room for judicial construction of the language nor interpretation of the words used.” If the language in the deed is unambiguous, then the trial court must ascertain the intention of the grantor from that language. Id. However, if the language in the deed is ambiguous, then the trial court must strictly construe that language against the grantor. Id. See also 19 Fla.Jur.2d Deeds § 111 (1980) (stating that the rule to construe a deed against the grantor applies when a deed is ambiguous because the language in a deed is presumed to be chosen by the grantor and because the grantor had the power to make the deed plain and intelligible).
In the instant case, the appellants argue that the Goolsbys are jointly and severally liable for the breach of the warranty covenant because both Goolsbys warranted in the warranty deed and by their affidavits that the entire property was free of all liens and encumbrances without limiting the warranty to their respective individual one-quarter undivided interests. On the other hand, the Goolsbys argue, and the trial court expressly found, that summary judgment was proper on the breach of warranty count because the warranty deed contains express words of severalty. However, our reading of the warranty deed fails to disclose any express words of sev-eralty. The deed collectively describes Lightholder and both Goolsbys as the “grantor” as follows:
THIS WARRANTY DEED Made the 14th day of December, 1989, by DAVID R. LIGHTHOLDER, Trustee As to A ½ Interest; GRADY L. GOOLSBY and HENRY G. GOOSBY [sic], As to A ¾⅛ Undivided Interest. Each, hereinafter called the grantor, to KISHOR K. PAT-HARE and RACHNA K. PATHARE, husband and wife, whose postoffice box or address is 1485 Martin Boulevard, Merritt island, Florida 32952, hereinafter called the grantee:
(Whenever used herein the terms “grant- or” and “grantee” include all the parties to this instrument and the heirs, legal *1347 representatives and assigns of individuals, and the successors and assigns of corporation).
The deed also provides the following warranty covenant:
AND the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 1990.
Additionally, each of the sellers’ affidavits, after describing the entire property by reference to the title insurance commitment, provides the following indemnification clause:
The undersigned does (do) hereby jointly and severally agree to indemnify and hold Reinman, Harrell, Silberhorn & Graham, P.A. and Chicago Title Insurance Company harmless of and from all loss, cost, damage and expense of every kind, including attorney’s fees, which Rein-man, Harrell, Silberhorn & Graham, P.A. and/or Chicago Title Insurance Company shall sustain or become liable for under its policy now to be issued on account of reliance on the statements made herein including but not limited to any matters that may be recorded between the effective date of the Commitment above and the time of the recording of the instruments described in said Commitment to be insured.
Despite the deed’s collective description of the three sellers as the “grantor,” the Goolsbys argue that the semicolon between Lightholder’s interest and the Goolsbys’ interests creates “express words of severalty.” We disagree. The semicolon is merely a punctuation mark and not an express word of severalty limiting their liability under the warranty covenant to the individ: ual undivided interests that they conveyed. See McIlvaine v. Florida E. Coast Ry., 568 So.2d 462, 465 (Fla.1st DCA1990), review denied, 581 So.2d 1308 (Fla.1991) (holding that “it is a widely accepted principle of construction that punctuation in a deed is ineffective to control its construction as against the plain meaning of the language used in the instrument”). Accordingly, given our finding that the warranty deed lacks express words of severalty, we reverse only that part of the final summary judgment which is in favor of both Goolsbys on the breach of warranty count and remand the cause for further proceedings.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB, J., concurs.
HARRIS, J., dissents with opinion.