[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13128

Non-Argument Calendar

_____

IVAN AMNAY,

Plaintiff-Appellant,

*versus*

SELECT PORTFOLIO SERVICING, INC.,
DOES 1-10,
inclusive,
WILMINGTON TRUST, N.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02610-WFJ-CPT

_____

Before ROSENBAUM, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ivan Amnay appeals the district court's order dismissing Amnay's second amended complaint against Defendants Select Portfolio Servicing, Inc. ("Select Portfolio") and Wilmington Trust, N.A. ("Wilmington"). No reversible error has been shown; we affirm.

**I.**

Briefly stated, this appeal involves a dispute about Amnay's ownership interest in non-homestead residential property in Palm Harbor, Florida ("Property"). According to his second amended complaint, Amnay owned the Property subject to a mortgage. The loan documents were executed and recorded in July 2007. Amnay later filed an action in bankruptcy. As part of the bankruptcy proceedings, Amnay's personal obligation under the promissory note was discharged. The mortgage lien on the Property, however, remained intact.

On 10 October 2018, the bankruptcy trustee conveyed the Property to Wilmington pursuant to a Trustee's Deed. The Trustee's Deed was recorded on 22 January 2019.[1]

According to Amnay, the Property was then rented out by Defendants and fell into disrepair. Amnay says Select Portfolio approached him "with an offer to modify the lien and payments due under the loan, including waiving arrearages and making the Plaintiff the owner of the Property (subject to Defendant's lien), if Plaintiff would agree to take over care and maintenance of the Property." Amnay agreed to assume maintenance of the Property on the condition that he be permitted to rent the Property and to retain the rental payments.

Amnay says the terms of the parties' agreement are reflected in a written Lien Modification Agreement, with an effective date of 1 November 2019 ("Modification Agreement").[2] According to Amnay, the Modification Agreement also "effected a transfer of ownership of the Property to Plaintiff."

Amnay says he performed his obligations under the Modification Agreement by making monthly payments and by maintaining insurance on the Property for almost two years. Amnay also says he made "substantial repairs" to the Property, including

---

[1] A copy of the Trustee's Deed is attached to Defendants' motion to dismiss.

[2] A copy of the Modification Agreement is attached to Amnay's initial complaint.

replacing the roof, installing a fence, repairing the plumbing, and painting.

After the lease on the Property expired, Amnay sought to find another tenant. Defendants, however, asserted -- based on a settlement agreement entered into by Amnay and Select Portfolio in a separate civil action -- that the Modification Agreement was no longer in effect and that Amnay had relinquished all interest in the Property.

Amnay then filed this civil action. In his second amended complaint, Amnay asserted a claim for declaratory relief (Count I), seeking a declaration (1) that Amnay owns the Property; (2) that Defendants' attempts to prevent Amnay from renting or selling the Property were unlawful; and (3) that Amnay's interest in the Property is unaffected by the other civil-action settlement agreement. Amnay also purported to assert against Defendants claims for anticipatory breach of contract (Count II), breach of the duty of good faith and fair dealing (Count III), promissory estoppel (Count IV), and unjust enrichment (Count V). Defendants moved to dismiss.

In a reasoned order, the district court granted Defendants' motion to dismiss and dismissed with prejudice Amnay's second amended complaint. The district court concluded that Amnay's claim for declaratory relief was speculative and alleged no present, ascertainable, and actual controversy. The district court dismissed Amnay's claim for anticipatory breach of contract, concluding that Amnay failed to allege facts sufficient to establish that Defendants owed Amnay a duty under the Modification Agreement, that

22-13128                 Opinion of the Court                 5

Defendants repudiated that duty, or that such a repudiation would give rise to damages. Because Amnay failed to state a claim for anticipatory breach of contract, the district court concluded that Amnay could state no claim for breach of implied duty of good faith and fair dealing.

The district court next concluded that Amnay could state no claim for promissory estoppel in the light of Amnay's position that the terms of the parties' agreement were reflected in the Modification Agreement. The district court then dismissed Amnay's claim for unjust enrichment based on Amnay's allegations that Amnay received consideration, including rental income from the Property and a reduced monthly payment amount.

For the reasons stated by the district court, the entire dismissal was justified.

## II.

We review *de novo* a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff. *See Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and brackets

omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). To state a plausible claim for relief, plaintiffs must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant; plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In ruling on Defendants' motion to dismiss, the district court applied properly the pleading standard set forth in *Iqbal* and *Twombly*. The district court accepted as true -- and construed in Amnay's favor -- the factual allegations set forth in Amnay's complaint. The district court also considered properly the Trustee's Deed and the Modification Agreement: documents that are central to Amnay's claims and the authenticity of which is undisputed. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Contrary to Amnay's assertion, the district court did not engage impermissibly in weighing the evidence or in resolving issues of disputed fact. Nor was the district court required to accept as true Amnay's legal conclusion about the ownership of the Property. *See Iqbal*, 556 U.S. at 678 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

22-13128                Opinion of the Court                7

On appeal, Amnay argues chiefly that he alleged sufficient facts to demonstrate that he was the owner of the Property.[3] In support of his argument, Amnay relies on "Property Owner" language in the Modification Agreement, including this language in the first sentence of the Modification Agreement: "This Lien Modification Agreement ("Agreement") is effective November 1, 2019, between IVAN AMNAY, ("Property Owner") and Select Portfolio Servicing, Inc., acting on behalf of the lien holder, ("Lien Holder")."

Under Florida law, real estate can be conveyed validly only through a written document that, among other things, contains "words which denote the intention of the parties to a deed to transfer the title from one to another." *See* Fla. Stat. §§ 689.01(1) (requiring a conveyance of real estate to be made in writing), 689.02 (providing a statutory form of a warranty deed of conveyance to land); *Tucker v. Cole*, 3 So. 2d 875, 877 (Fla. 1941) (explaining that a valid conveyance of real property must include "apt words of conveyance"); *Sanders v. Ransom*, 20 So. 530, 531 (Fla. 1896) (noting that -- although "[n]o particular form of words is necessary to effect a valid conveyance of lands" -- the words used must "show an intent to convey a present interest").

---

[3] Amnay's appellate brief does not address separately the asserted causes of action or the district court's stated reasons for dismissing each count for failure to state a claim for relief.

That Wilmington acquired valid title to the Property in 2018 via the Trustee's Deed is undisputed. According to Amnay, title in the Property was later conveyed back to him, pursuant to the Modification Agreement. We disagree: no words of conveyance are present.

The Modification Agreement includes provisions that revise the terms of the original lien, including setting out a new principal balance, interest rate, and monthly payment schedule. The Modification Agreement contains no language that can be construed reasonably as reflecting an intention by the parties to convey title in the Property.[4] In context, that the Modification Agreement referred to Amnay using the term "Property Owner" is insufficient to demonstrate an intent to convey title to the Property.

Considering the factual allegations in the complaint and the plain language of the Modification Agreement and the Trustee's Deed, the district court committed no error in concluding that Plaintiff failed to allege facts sufficient to demonstrate his ownership of the Property under Florida law.

Nor can we conclude that the district court erred in dismissing *with prejudice* Amnay's second amended complaint. Amnay had already twice amended his complaint: once as a matter of course and once after the district court's dismissed *without prejudice*

---

[4] Nor does the Modification Agreement contain language that seems to reflect the supposed agreement for Amnay to take over the maintenance responsibilities on the Property or to retain rental payments.

22-13128                Opinion of the Court                9

Amnay's first amended complaint for failure to state a claim. When -- as in this case -- a counseled plaintiff fails to request properly leave to amend in the district court, the district court need not grant *sua sponte* leave to amend before dismissing the complaint with prejudice. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).

AFFIRMED.